# 2009 DTA 85

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL III**

DEFENSORES AREA COSTERA, INC.
Peticionarios

v.

PRINCESA DEL MAR, INC., ARQUITECTO ENRIQUE GUTIÉRREZ, INGENIERO ARIEL GUTIÉRREZ, SEASHORE REALTY & INVESTMENT COMPANY, INC., ESTADO LIBRE ASOCIADO DE P.R.,

ADMINISTRACIÓN DE REGLAMENTOS Y PERMISOS (ARPE) Y EL ING. ÁNGEL RODRÍGUEZ, ADMINISTRADOR DE ARPE; MUNICIPIO DE SAN JUAN
Recurridos

Núm. KLCE-2008-00865

San Juan, Puerto Rico, a 28 de mayo de 2009

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Aponte Hernández y Morales Rodríguez

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

El peticionario, Defensores de Área Costera, Inc., nos solicita que revoquemos la orden emitida el 16 de mayo de 2008 por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, dicho foro declaró no ha lugar la moción de desacato presentada por el peticionario y ordenó la devolución del expediente a archivo terminado.

Por los fundamentos que expondremos, se deniega la expedición del auto de *certiorari* solicitado.

**I**

El 26 de octubre de 2004, el Tribunal de Apelaciones emitió sentencia en el caso *Defensores Área Costera, Inc. et als. v. Princesa Del Mar, Inc. y otros, et als.*, KLAN-03-01044. [1] La causa que nos ocupa surge dentro del trámite para la ejecución de dicha sentencia. Por lo que hacemos formar parte de la presente resolución los hechos según consignados en la misma, los cuales transcribimos a continuación:

Surge de los autos, que el 10 de junio de 1940, don Gonzalo Aponte Torres adquirió mediante compraventa la finca número 127, ubicada en el Sector Punta Las Marías del Municipio de San Juan, con una cabida de 15.76 cuerdas. Casi un mes después, segregó de dicha finca un predio de 1.77 cuerdas para construir la residencia de su familia. Según consta en el Registro de la Propiedad, la parcela segregada pasó a ser la finca 9002. En el terreno de la finca principal, se construyó un camino con el nombre de Calle Los Pinos, que servía de acceso a la vía pública a los ocupantes de la residencia.

El 23 de agosto de 1940, don Gonzalo vendió la finca principal a Seashore Realty and Investment Company, Inc., (en lo sucesivo Seashore). En aquel momento precisamente, era don Gonzalo el único accionista en la referida corporación.

El 18 de noviembre de 1940, Seashore segregó de la finca 127 una parcela de 8.06 cuerdas, a la cual se le otorgó el número 9158. El remanente de la finca 127 se convirtió, con el transcurso de tiempo, en la Urbanización Atlantic View, desarrollada y vendida por Seashore. Por otro lado, en la finca 9158, dicha corporación planificaba construir la Urbanización La Trinchera.

Posteriormente, Seashore solicitó al Municipio de San Juan (en adelante Municipio) la autorización para urbanizar el predio 9158. Durante los años 1941 al 1950, se segregaron doce solares con la aprobación del Municipio. Entre tales solares, se encontraba el número 18, el cual colinda con la Calle Los Pinos. Éste fue vendido en 1941 a la familia Fernández, que aportaba al mantenimiento y conservación de la Calle Los Pinos, ya que era la vía de acceso a su residencia.

El 30 de abril de 1951, Seashore sometió a la Junta de Planificación una solicitud para que sancionara la lotificación de los solares que no habían sido segregados, de conformidad con la Ley 213 del 12 de mayo de 1942 y el Reglamento 3 de Lotificación aprobado en 1949. Tal solicitud se efectuó con el fin de vender tales solares posteriormente.

Por su parte, la Junta emitió una resolución en la que ordenó a Seashore descontar las áreas de las aceras y los encintados a los solares cuya segregación solicitaba. No conforme con la referida determinación, Seashore solicitó revisión ante el Tribunal Supremo, que culminó con la del dictamen de la Junta. Véase: *Seashore Realty, Co. v. Junta,* 75 D.P.R. 142(1953).

De ahí que el 13 de mayo de 1953, la Junta emitió una resolución en la que adoptó las determinaciones de la opinión del Tribunal Supremo. De esa forma, las áreas de las aceras de la Calle Palmeras y la Insular 32 fueron excluidas de la cabida de los solares. Sin embargo, nada expresó sobre la Calle Los Pinos. Entre los predios lotificados entonces, se encontraba el solar 19, que también colinda con la referida calle.

Aprobado el plano de inscripción parcial de la Urbanización La Trinchera, fue inscrito en el Registro de la Propiedad. De ese plano se desprende que la mencionada urbanización está ubicada entre la Avenida Palmeras y la carretera insular número 32, actualmente, Calle Loíza. Asimismo, surge de dicho plano que el solar 19 de la urbanización no tenía otro acceso a la vía pública aparte de la Calle Los Pinos. Igualmente, se evidencia que esta calle contaba con servicio de alumbrado y que tenía aceras a ambos lados. De la misma manera, surge del plano de inscripción (sustituto) y topográfico que en la Calle Los Pinos existía, además, servicio de parrilla pluvial.

Para la década de los '70, el solar 18 pasó a ser propiedad de Community Investment and Financing Corporation (Community) por adjudicación en pública subasta. Los accionistas de la referida corporación eran don Gonzalo y sus hijos. Por otro lado, la finca 9002 fue donada por don Gonzalo y su esposa Mary Elsa Otero Vasallo a la Fundación Gonzalo Aponte, Inc. Entretanto, Seashore readquirió los solares 17 y 17A mediante compraventa. También, el solar 19 pasó a ser de la propiedad de Seashore mediante adjudicación en pública

subasta. Eventualmente, esta corporación agrupó los solares 19 y 20, por lo que pasaron a ser la finca 25,287.

Así las cosas, mediante la escritura 13, otorgada el 22 de febrero de 2000 ante el notario Francisco Pujol Meneses, Seashore, Community y la Fundación Gonzalo Aponte, Inc. vendieron cinco fincas a Princesa del Mar, Inc. Seashore vendió las parcelas 25,287, compuesta por los solares 19 y 20; la 11,024, compuesta por el solar 17/17 A y el remanente de la finca 9,158. Community vendió su solar 18 y la Fundación vendió la finca 9002.

Es preciso puntualizar que Seashore no especificó en dicha escritura que la Calle Los Pinos era de su propiedad. En cambio, mencionó dicha calle al describir que las fincas 25,287 y 11,024 colindaban al oeste con la misma. Sin embargo, el mismo día del otorgamiento de la escritura de compraventa, Princesa y Seashore otorgaron una escritura titulada "Acta aclaratoria". En ésta, Seashore expresó que tanto la parcela de la calle privada Los Pinos como la parcela A eran parte del remanente de la finca 9,158. Aseguró que era la legítima dueña de las parcelas y que no las había cedido al Municipio ni al Estado Libre Asociado de Puerto Rico. Por último, Seashore se obligó a indemnizar por daños y perjuicios a Princesa en caso de que la información expresada en esa escritura fuera falsa, incompleta o conducente a error.

Por su parte, Princesa agrupó las cinco fincas compradas, de manera que se convirtieron en la finca 42,022. Es sobre la agrupación de todas las fincas vendidas que se proyecta la construcción del complejo de vivienda multipisos de Princesa del Mar. En la consecución de ese fin, Princesa obtuvo todos los permisos y autorizaciones de las agencias pertinentes, inclusive del Municipio. Además, el 7 de diciembre de 1999, la Administración de Reglamentos y Permisos (ARPE) otorgó el permiso de construcción, luego de evaluar los planteamientos sobre la naturaleza pública o privada de la Calle Los Pinos. Asimismo, la mencionada agencia tuvo ante su consideración los planos del proyecto, de los cuales claramente surgía que Princesa construiría sobre la mencionada calle.

Insatisfechos, los aquí apelantes presentaron una petición de interdicto, *mandamus* y estorbo público ante el Tribunal de Primera Instancia. Mediante dicha petición solicitaron que se paralizara la construcción del proyecto Princesa del Mar. Alegaron que las autorizaciones de los anteproyectos y los permisos de construcción otorgados por las agencias administrativas eran nulos.

Seguido el trámite procesal correspondiente, el foro de instancia dictó sentencia en la cual declaró nulos los permisos concedidos por las agencias y ordenó la paralización inmediata del proyecto. Fundamentó su dictamen en que ARPE concedió una variación a Princesa para reducir la separación entre el área ocupada por el complejo y la zona marítimo-terrestre, sin haber realizado previamente un estudio de sombra, como lo requiere el Reglamento de Zonificación. Además, dicho foro basó su fallo en que la agencia tampoco requirió la preparación de una declaración de impacto ambiental. Sin embargo, quedó pendiente la controversia relativa a la apropiación de dos calles de uso público por Princesa como parte de la construcción del proyecto. Posteriormente, la controversia se redujo a la naturaleza pública o privada de la Calle los Pinos.

Celebrada la vista en su fondo a tales fines y evaluada la prueba presentada, el tribunal determinó que la Calle Los Pinos es de naturaleza privada. No conformes, los demandantes, con el referido dictamen, acuden mediante el presente recurso de apelación. [...]

Atendido el recurso, el Tribunal de Apelaciones concluyó que la Calle Los Pinos no perdió su carácter de vía pública de forma automática, por el mero hecho de que la titularidad de los solares segregados revirtiera a su antiguo dueño. Señaló, que hasta tanto se agotara el procedimiento de cierre de calles y caminos dispuesto por el Artículo 9.016 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4465, la Calle Los Pinos conservaba su carácter de vía del domino público. En consecuencia, revocó el dictamen emitido por el TPI y ordenó la devolución del caso para que dicho foro concediera los remedios procedentes en derecho.

Devuelto el caso al TPI, el 7 de febrero de 2006, dicho foro emitió *Orden sobre Ejecución de Sentencia del Tribunal de Apelaciones*. Mediante la misma, ordenó al Registrador de la Propiedad, Sección Primera de San Juan, Sección de Santurce Norte, inscribir la sentencia del Tribunal de Apelaciones que dispuso que la Calle Los Pinos es una vía de dominio público. En dicha orden se expuso además que:

"Si luego del proceso de calificación y análisis de la Sentencia, no es posible al Señor Registrador dar cumplimiento a esta Orden, en ausencia de documentos específicos que las partes litigantes deban someter al Registro, el Señor Registrador alertará al Tribunal en los próximos treinta (30) días, sobre quién o qué documentos son pertinentes a la calificación para dar cumplimiento específico a la Sentencia del Tribunal de Apelaciones."

En vista de que el Registrador de la Propiedad no presentó escrito alguno, el 21 de abril de 2006, el TPI emitió orden mediante la cual asumió que se cumplió cabalmente con la sentencia del Tribunal de Apelaciones y ordenó que en 30 días se devolviera el caso a archivo terminado.

Así las cosas, mediante escrito de 2 de agosto de 2006, la Registradora de la Propiedad, Hon. Delia Castillo de Colorado, expuso:

"De la Sentencia emitida el día 26 de octubre de 2004 por el Tribunal de Apelaciones, no surge la descripción de la calle y su cabida. Para poder inscribir la Calle Los Pinos es necesaria una Escritura de Segregación y Dedicación a Uso Público en la que se describa la finca principal, la parcela a ser dedicada a uso público que se segrega asignándole un valor a la misma y el remanente de la finca principal, expresándose que se hace conforme a la Sentencia mencionada. De tener algún plano de mensura, favor de acompañarlo como complementario."

El 2 de agosto de 2006, el TPI emitió *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones* mediante la cual ordenó a Princesa del Mar, Inc. a preparar en un término que no excediera 30 días, la Escritura de Segregación y Dedicación a Uso Público que describiera la finca principal y la parcela a ser dedicada a uso público denominada Calle Los Pinos. La orden dispuso además que:

"Princesa del Mar, Inc. deberá someter copia al Tribunal de la referida Escritura de Segregación y Dedicación a Uso Público, aparte de cancelar los sellos correspondientes y presentar la misma ante la Honorable Delia Castillo de Colorado, Registradora de la Propiedad, concernida en este caso."

Además se le ordena que para de inmediato y una vez que dicha Escritura de Segregación y Dedicación a Uso Público esté perfeccionada:

"1. proceda a liberar de su control la Calle Los Pinos, Sector Punta Las Marías del Municipio de San Juan;

2. permitir el uso público de dicha calle Los Pinos;

2 (sic). remover toda verja en la colindancia norte o sur que pueda impedir el uso de dicha Calle Los Pinos por el público en general;

3. marcar con los puntos correspondientes sobre el terreno los rumbos y colindancias de dicha calle;

4. restituir y habilitar como una calle de uso público, el predio denominado Calle Los Pinos, cuya segregación de la finca principal y dedicación a uso público por la presente se ha ordenado."

Se ordena el cumplimiento de esta orden al codemandado nombrado bajo apercibimiento de desacato.

El 18 de agosto de 2006, Princesa del Mar, Inc. solicitó la reconsideración de la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones*. Adujo que la referida sentencia reconoce la necesidad de agotar el dispuesto por el Artículo 9.016 de la Ley de Municipios Autónomos, por lo que resultaría innecesario ordenar, en la etapa en que se encontraban los procedimientos, que se libere al uso público la calle en cuestión. Informó que ya había iniciado el procedimiento prescrito en el Artículo 9.016 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4465, mediante comunicación de 2 de junio de 2006 en la cual expresó formalmente su interés en adquirir la parcela Calle Los Pinos. [2]

El 3 de enero de 2007, el TPI emitió *Resolución sobre Vigencia de Nuestra Orden Número Dos sobre Ejecución de Sentencia del Tribunal de Apelaciones*. Mediante la misma, dejó sin efecto las obligaciones números uno al cuatro impuestas en la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones* hasta tanto se agotara el procedimiento establecido en al Artículo 9.016 de la Ley de Municipios Autónomos. Indicó que procedía esperar que finalizara dicho procedimiento para conocer quién mantendría la titularidad sobre la parcela. Hasta entonces, el TPI retuvo la jurisdicción sobre el caso y ordenó a las partes proponentes de la adquisición de la referida calle informar al tribunal antes del 30 de junio de 2007 el trámite seguido para la compra de la misma.

El 5 de septiembre de 2007, Defensores Área Costera, Inc. presentó ante el TPI una *Moción de Desacato, Solicitud de Ejecución de Sentencia, Objeción al Otorgamiento de la Escritura de Cesión de la Calle Los Pinos a favor del Municipio de San Juan*. Solicitó que se reactivara la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones*. Solicitó que se encontrara incurso en desacato a Princesa del Mar, Inc. y al Municipio de San Juan por incumplir la orden que le requirió liberar de control privado la Calle Los Pinos y otorgar la escritura pública sobre cesión de los terrenos. Asimismo, indicó no haber razón para posponer la ejecución de la Sentencia del Tribunal de Apelaciones que ordenó la rehabilitación de la Calle Los Pinos como calle de uso público. Por último, en cuanto a la escritura de cesión, solicitó que para su otorgamiento se requiriera la participación y aprobación de Defensores de Área Costera, Inc.

El 1 de febrero de 2008, GCFN, Inc., antes conocida como Princesa del Mar, Inc., presentó *Moción Informativa sobre Otorgación de Escritura de Cesión*. Mediante la misma, comunicó que el 26 de septiembre de 2007 se otorgó la Escritura Número 25 de Segregación, Liberación de Hipoteca y Cesión de Franja de Terreno para Uso Público a través de la cual GCFN, Inc. traspasó al Municipio de San Juan la titularidad del predio de terreno en controversia. [3] Como resultado de ello, el 24 de octubre de 2007, GCFN, Inc. envió una comunicación al Municipio de San Juan reafirmando su intención de adquirir el predio de terreno. El 28 de noviembre de 2007, el Municipio de San Juan contestó la misiva indicando que estaba evaluando la petición. GCFN, Inc. indicó que con ello se puso en marcha el trámite dispuesto en la Ley de Municipios Autónomos.

El 16 de mayo de 2008, el TPI emitió orden mediante la cual declaró no ha lugar la moción de desacato presentada por Defensores de Área Costera, Inc. y ordenó la devolución del expediente a archivo terminado. La orden se notificó el 22 de mayo de 2008.

Inconforme, oportunamente Defensores de Área Costera, Inc. acude ante nos y señala que:

"Erró el Tribunal de Instancia al no ejecutar la sentencia del tribunal apelativo mediante orden de abrir al público la Calle Los Pinos.

Erró el Tribunal de Instancia al permitir el otorgamiento de una escritura de cesión de franja de terrenos en violación de ley, al permitir cesión de bienes de dominio público del pueblo de Puerto Rico.

Erró el Tribunal de Instancia al no prohibir el otorgamiento de la escritura pública sobre cesión de la Calle Los Pinos hasta tanto las recurrentes estén conformes con el proyecto de la escritura de cesión."

Seashore Realty & Investment Co., Inc., Princesa del Mar, Inc. y el Municipio de San Juan presentaron sus respectivas posiciones.

## II

### A

La Regla 51 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece todo lo relativo al procedimiento de apremio o ejecución de sentencia. La regla general es que todas las sentencias se ejecutan en el tribunal de origen; es decir, en el tribunal que dictó la sentencia que se pretende ejecutar. La parte a cuyo favor se dicte la sentencia podrá ejecutarla mediante el procedimiento fijado en la citada Regla 51, en cualquier momento dentro de los cinco años de ésta ser firme. Expirado dicho término, podrá ejecutarse la sentencia mediante la autorización del tribunal a una moción de parte y previa notificación a todas las partes. *Igaravidez v. Ricci*, 147 D.P.R. 1, 7 (1998).

El tribunal examinará la totalidad de la situación, ya que el transcurso del tiempo y sus cambios pueden arrojar ciertas dudas sobre la continuada validez de la sentencia. El tribunal aprobará la ejecución solicitada si, basado en los hechos probados, queda convencido de que la sentencia no ha sido satisfecha y de que no existe otra razón que impida su ejecución. *Banco Terr. y Agríc. de P.R. v. Marcial*, 44 D.P.R. 129 (1932).

De otra parte, el Artículo 9.016 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4465, establece respecto al cierre de calles y caminos que:

"El municipio, tomando en consideración las recomendaciones de la Oficina de Ordenación Territorial, podrá ordenar y efectuar el cierre permanente de cualquier calle o camino dentro de sus límites territoriales, previa celebración de vista pública que deberá notificarse mediante avisos escritos fijados en sitios prominentes de la Casa Alcaldía y de la calle o camino a cerrarse. [...].

[...]

Cualquier persona que se considere perjudicada por una resolución de la Asamblea autorizando el cierre de una calle o un camino, podrá impugnarla ante el Tribunal de Primera Instancia dentro del término de treinta (30) días contados desde la fecha de la aprobación de la misma. La resolución así impugnada quedará sin efecto hasta tanto el tribunal decida sobre el asunto."

### B

Por su parte, el auto de *certiorari*, 32 L.P.R.A. secs. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior en asuntos interlocutorios. *Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 637 1999. Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, precisamente por tratarse, de ordinario, de asuntos interlocutorios.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. La referida regla dispone lo siguiente:

"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos mas elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."

### III

En el caso de autos, el 26 de octubre de 2004, el Tribunal de Apelaciones emitió sentencia en la que dispuso que la Calle Los Pinos es una vía pública. El 7 de febrero de 2006, el TPI emitió *Orden sobre Ejecución de Sentencia del Tribunal de Apelaciones* mediante la cual ordenó al Registrador de la Propiedad inscribir la sentencia del Tribunal de Apelaciones. La Registradora de la Propiedad, Hon. Delia Castillo de Colorado, informó al TPI que para poder inscribir la Calle Los Pinos era necesaria una Escritura de Segregación y Dedicación a Uso Público. En tal virtud, el 2 de agosto de 2006, el TPI emitió la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones* en la que ordenó a Princesa del Mar, Inc. a preparar y radicar la referida escritura ante el Registro de la Propiedad y a liberar de su control la Calle Los Pinos, bajo apercibimiento de desacato.

No obstante, mediante solicitud de reconsideración, Princesa del Mar, Inc. informó al TPI que el 2 de junio de 2006 había iniciado el procedimiento prescrito en el Artículo 9.016 de la Ley de Municipios Autónomos por comunicación escrita en la cual expresó formalmente su interés en adquirir la parcela Calle Los Pinos. El 6 de octubre de 2006, el Municipio de San Juan le notificó su disposición para comenzar con el procedimiento para el retiro de uso público, venta y cierre de pasos de peatones, calles y caminos. Por tanto, el 3 de enero de 2007, el TPI emitió *Resolución sobre Vigencia de Nuestra Orden Número Dos sobre Ejecución de Sentencia del Tribunal de Apelaciones* mediante la cual dejó sin efecto las obligaciones números uno al cuatro impuestas en la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones*. Defensores de Área Costera solicitó que se reactivara la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones* y que se encontrara incursa en desacato a Princesa del Mar, Inc. por no liberar la Calle Los Pinos al uso público. El TPI declaró no ha lugar la solicitud de Defensores de Área Costera.

En su primer señalamiento de error, Defensores de Área Costera aduce que el TPI tenía la obligación de ejecutar la sentencia emitida en el 2004 por el Tribunal de Apelaciones debido a que no existe certeza de que Princesa del Mar, Inc. adquiera la titularidad sobre la parcela de la Calle Los Pinos. Por ello, argumenta que corresponde inscribirla como una vía de dominio público tal y como lo ordenó la sentencia del Tribunal de Apelaciones.

Sin embargo, la solicitud de reconsideración de Princesa del Mar, Inc. proveyó oportunidad al TPI para examinar las circunstancias relacionadas con la ejecución de la sentencia del Tribunal de Apelaciones. La Ley de Municipios Autónomos le concede la facultad al Municipio de San Juan de vender a Princesa del Mar, Inc. la

parcela en controversia en cuyo caso resulta innecesario ordenar que Princesa del Mar, Inc. devuelva los terrenos al estado en que se encontraban antes de su compra. Además, las personas que solicitan acceso a la costa por la referida calle cuentan con acceso por otros dos lugares diferentes: la Calle Inga y la Avenida Villa Internacional II. Por tanto, no existe urgencia en ordenar la reapertura de la parcela Calle Los Pinos, que según surge del expediente no ha servido como vía de acceso a la costa desde la década de los sesenta. Así, teniendo en cuenta las razones expuestas por Princesa del Mar, Inc. ante el TPI, este Tribunal entiende que la determinación de dejar sin efecto las obligaciones números uno al cuatro impuestas en la *Orden Número Dos (2) sobre Ejecución de Sentencia del Tribunal de Apelaciones* hasta tanto se culmine con el procedimiento dispuesto en la Ley de Municipios Autónomos, no es una decisión arbitraria ni irrazonable.

En su segundo señalamiento de error, Defensores de Área Costera sostiene que mediante la Escritura Número 25 de Segregación, Liberación de Hipoteca y Cesión de Franja de Terreno para Uso Público, Princesa del Mar, Inc. incluyó la cesión de 14 metros lineales tierra adentro que son parte de la zona marítimo-terrestre, que es del dominio público y no susceptible de enajenación. Alega que la escritura constituye un subterfugio de Princesa del Mar, Inc. para evadir el proceso administrativo de deslinde de la zona costera y del cual había desistido. En tal virtud, indica que la escritura es nula y solicita que decretemos la nulidad de la misma. Asimismo, indica que erró el TPI al permitir que se otorgara la escritura sin la aprobación de Defensores de Área Costera, Inc. Solicitan que se prohíba el otorgamiento de la escritura hasta que éstos le impartan su aprobación.

En cuanto a estos señalamientos de error, recordamos al peticionario la norma de derecho de que un tribunal apelativo no considerará un planteamiento formulado por primera vez en apelación o revisión. *Ortiz Torres v. K & A Developers, Inc.*, 136 D.P.R. 192, 202 (1994); *Garaje Rubén, Inc. v. Tribunal Superior,* 101 D.P.R. 236, 242 (1973). Ante esta situación, es forzoso concluir que estamos impedidos de atender estos señalamientos de error, ya que era el tribunal *a quo* quien debió atender y resolver en primera instancia dichos señalamientos. Esto no sucedió porque estos planteamientos no fueron presentados ante dicho foro. No podemos imputar error al TPI por no atender un planteamiento que nunca le fue formulado. Concluimos, que el peticionario está impedido de levantar, en esta etapa apelativa, por primera vez, un error que no fue planteado ante el foro de instancia. *Trabal Morales v. Ruiz Rodríguez*, 125 D.P.R. 340, 351 (1990).

Hemos examinado la orden recurrida en el contexto amplio del asunto en controversia, al tenor de los criterios esbozados en la Regla 40, *supra,* y no vemos razón alguna para intervenir en esta etapa del proceso. La determinación del TPI fue emitida dentro del margen de discreción que tiene el foro de instancia para el manejo de los casos ante su consideración. Además, nuestra intervención pudiera causar una dilación indeseable en la solución final del litigio.

## IV

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 85

**1.** Panel integrado por su presidente, el Juez Brau Ramírez, y los Jueces González Rivera y Rivera Martínez.

**2.** De hecho, mediante carta del 6 de octubre de 2006, el Municipio de San Juan notificó su disposición para comenzar con el procedimiento para el retiro de uso público, venta y cierre de pasos de peatones, calles y caminos.

**3.** Incluyó copia de la escritura y de la minuta de presentación del Registro de la Propiedad.