BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandante y apelante, *v.* PÍO MARCIAL, ET ALS., demandados y apelados.

No. 5967.—*Sometido:* Noviembre 22, 1932. *Resuelto:* Noviembre 28, 1932.

*Juan de Guzmán Benítez, E. Martínez Avilés* y *Luis Toro Cabañas,* abogados del apelante; *Ulpiano Crespo Jr.* y *Luis Mercader,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 14 de noviembre de 1923, la Corte de Distrito de Arecibo dictó sentencia en el caso del Banco Territorial y Agrícola de Puerto Rico contra Pío Marcial y otros, en una acción de desahucio, declarando con lugar la demanda en cuanto a cuarenta y seis de los demandados y sin lugar en cuanto a los demás. Apeló el banco de la parte de la sentencia que declaró sin lugar la demanda y esta apelación fué desestimada por esta corte en 5 de abril de 1926, o sea dos años y medio próximamente después de dictada la sentencia apelada. No consta que por la demandante se hubiese dado paso alguno para hacer efectiva la sentencia que fué firme desde 1923 en cuanto a los demandados contra quienes se declaró con lugar la demanda. En septiembre de 1931, o sea ocho años próximamente después de ser firme la sentencia contra los citados demandados, el demandante solicitó la ejecución de la sentencia y la Corte de Distrito de Arecibo declaró sin lugar su solicitud.

De acuerdo con el artículo 243 del Código de Enjuiciamiento Civil, en todos los casos, excepto para cobro de dinero, podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años a contar desde la fecha en que hubiere sido registrada mediante autorización de la corte a instancia de parte, o sentencia dada al efecto en procedimientos adicionales.

La única razón que se alega en la moción de la parte demandante, que no ha sido jurada, es que los demandados continúan aún detentando la finca. Usualmente estas mociones vienen acompañadas de una declaración jurada. 11 Cal. Jurisprudence, 50. La corte puede negar o resolver favorablemente esta moción en el uso de sus facultades discrecionales. En el caso de *Wheeler* v. *Eldred,* 121 Cal. 28, se dictó sentencia ordenando la venta de ciertos bienes hipotecados. Luego de expirar los cinco años de ser firme la sentencia, el demandante solicitó permiso de la corte para ejecu-

tarla, de acuerdo con el artículo 685 del Código de Enjuiciamiento Civil de California, enmendado, que es igual al artículo 243 de nuestro Código de Enjuiciamiento Civil, con la única diferencia de que en el artículo del código californiano no aparece la excepción en cuanto a las acciones en cobro de dinero. Resolviendo la cuestión planteada por el demandante en el caso citado, la Corte Suprema de California se expresó en los siguientes términos:

"Se han suscitado en la argumentación cuestiones interesantes con respecto al efecto, y aun a la validez, del citado artículo del código enmendado; sólo es necesario examinar una de ellas. El demandante no sostiene que la negativa de su moción era, a la luz de la evidencia que se practicó ante la corte durante la vista, un abuso de poder, si es que la corte puede ejercer discreción en tales casos; pero alega que a virtud del estatuto la corte no tenía discreción para negar su solicitud. No puede sostenerse esta posición. Según el estatuto de Nueva York, 'después del transcurso de cinco años de registrarse sentencia definitiva puede librarse auto de ejecución de la misma, . . . . 2. Cuando la corte dicte una orden concediendo permiso para que se libre el auto de ejecución' (Código de Enjuiciamiento Civil de Nueva York, art. 1377) ; y allí se ha resuelto por la corte de apelaciones que el efecto de esta disposición, en un caso abarcado por sus términos, es que la concesión de un auto de posesión en virtud de una sentencia para recobrar la posesión de un inmueble sea una cuestión 'que dependa completamente de la discreción de la corte': Van Renssalaer v. Wright, 121 N.Y. 626. Véase el caso de Bank of New York v. Eden, 17 Johns. 105, en que se resuelve que la corte tiene discreción para determinar si ha de conceder un *scire facias* en una sentencia que ha estado pendiente por más de veinte años. Con respecto a la facultad discrecional de una corte de equidad para negarse, dentro de las circunstancias, a hacer efectivo un decreto anterior, cuando por razón de la negligencia para ejecutarlo o por cualquier otra causa viene a ser necesario radicar un 'bill' para tal propósito, véase Attorney General v. Day, 1 Ves. Sr. 218; Lawrence Mfg. Co. v. Jamesville etc. Mills, 138 U.S. 552. Aparte de las autoridades, nos parece manifiestamente prudente, por lo menos en casos en que esté envuelto el título de propiedad inmueble, que la corte no esté obligada a conceder la ejecución de la sentencia después del término de cinco años; de lo contrario la sentencia se convierte en un gravamen perpetuo por la mera negligen-

cia del dueño de la misma al no ejecutarla. Creemos, pues, que la disposición del referido artículo 685, en el sentido de que 'la sentencia puede ser ejecutada mediante autorización de la corte' es permisiva en cuanto a la facultad que se le da a la corte en pleitos como el presente, y que el tribunal debe determinar en el ejercicio de una sana discreción si la sentencia durmiente debe ejecutarse."

En el caso de *People* v. *Carlin*, 191 App. Div. 258, la Corte Suprema de Nueva York, División de Apelación, interpretando un estatuto similar al nuestro dice así:

"El propósito de la ley, según se indica por las secciones 1375 y 1377 del Código de Enjuiciamiento Civil, es que una parte que tiene una sentencia y desea hacerla efectiva por el procedimiento sumario de la corte, debe hacerlo prontamente, y si se duerme sobre sus laureles por cinco años, el tiempo y sus cambios arrojan ciertas dudas sobre la sentencia, o por lo menos sobre el derecho a una ejecución sumaria, y que dicha parte no podrá obtener la ejecución a menos que la corte, basada en hechos probados, esté convencida de que la sentencia no ha sido satisfecha y de que no existe otra razón que impida su ejecución."

El demandante en este caso utilizó contra los demandados la acción de desahucio, que es un procedimiento sumario, y después de haber obtenido sentencia a su favor y de ser ésta firme, y de haber transcurrido ocho años sin hacerla efectiva, solicita ahora su ejecución sin explicar a la corte qué motivos tuvo para no solicitar con anterioridad la ejecución de la sentencia y sin exponer ninguna razón que pudiese haber justificado el ejercicio a su favor de la discreción judicial.

*Opinamos que debe confirmarse la resolución apelada.*