Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| PUERTO RICO TELEPHONE COMPANY  Demandante-Recurrido  Vs.  SANTOS DÍAZ DÍAZ, ROSALINA DE LA MATTA, LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS Y DATA RESEARCH CORPORATION  Demandada-Peticionaria | KLCE202300470 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Civil Núm. K AC2008-1455  Sala: 603  SOBRE: COBRO DE DINERO REGLA 60 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Hernández Sánchez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2023.

El 21 de abril de 2023, el Sr. Santos Díaz Díaz, su esposa, la Sra. Rosalina de la Matta, la Sociedad Legal de Gananciales compuesta por ambos y Data Research Corporation (los peticionarios) presentaron un recurso de *Certiorari* y solicitaron la revisión de una *Orden* que se emitió el 23 de marzo de 2023 y se notificó el 28 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, en lo pertinente, el TPI declaró No Ha Lugar la solicitud de reconsideración que presentaron los peticionarios en cuanto a la extensión del término que le concedió el TPI a Puerto Rico Telephone Company (PRTC o recurrido) para ejecutar la sentencia.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 15 de diciembre de 2022, PRTC presentó una *Moción para que se Extienda Término de Ejecución de Sentencia*.[1] En esta señaló que el TPI dictó una *Sentencia Sumaria* a su favor el 16 de noviembre de 2016 la cual se notificó el 22 de noviembre de 2016. Alegó que dicho dictamen había advenido final y firme el 18 de diciembre de 2017. Sin embargo, informó que la sentencia no había sido satisfecha y que conforme a la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 51.1, el término para ejecutarla vencía el 19 de diciembre de 2022. Sostuvo que había realizado esfuerzos para tratar de identificar activos de los peticionarios para propósitos de la ejecución de sentencia y aunque había identificado varios, no se habían podido identificar suficientes para satisfacer la totalidad de la sentencia. Por este motivo, le solicitó al TPI a que le concediera un término adicional al estipulado en la Regla 51.1 de Procedimiento Civil, *supra*, para poder ejecutar la totalidad de la Sentencia.

Posteriormente, el 23 de diciembre de 2022, el señor Díaz, su esposa, la señora de la Matta y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Díaz de la Matta) presentaron una *Moción Urgente Asumiendo Representación Legal y Solicitando Término* mediante la cual informaron que habían contratado los servicios legales del Lcdo. Rosario Albarrán para que lo representaran en la presente controversia.[2] Además, plantearon que la *Sentencia* antes descrita advino final y firme el 22 de diciembre de 2016 y no el 19 de diciembre de 2017. En consecuencia, sostuvieron que el término para solicitar la extensión de término de la ejecución de la sentencia al amparo de la Regla 51.1 de Procedimiento Civil, *supra*, venció el 22 de diciembre de 2021. Así

---

[1] Véase, págs. 1-2 del apéndice del recurso.
[2] Íd., págs. 12-13.

pues, solicitaron un término para presentar su posición en cuanto a la solicitud de extensión de término que presentó PRTC.

Sin que el matrimonio Díaz de la Matta tuviese la oportunidad de presentar su posición en cuanto a la solicitud de PRTC, el 20 de diciembre de 2022, el TPI emitió una *Resolución* mediante la cual declaró No Ha Lugar la extensión de término de ejecución de sentencia que solicitó PRTC.[3] Específicamente resolvió lo siguiente:

> La Sentencia en el presente caso se dictó el 16 de noviembre de 2016. Como se sabe, la Regla 6.6 de Procedimiento Civil dispone que "cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme a lo que establece la Regla 68.2". La Regla 68.2 del mismo cuerpo jurídico otorga al Tribunal de discreción de conceder la prórroga solicitada por justa causa.
>
> Del expediente de autos surge que, el último trámite del demandante fue una solicitud de ejecución de sentencia al demandado presentada el 6 de abril de 2022. El Tribunal no está obligado a conceder la ejecución transcurridos cinco (5) años, desde la notificación de la Sentencia. De lo contrario ésta se convertiría en un gravamen perpetuo por la mera negligencia o dejadez del acreedor al no ejecutarla.
>
> Además, la parte demandante no provee justa causa y no acredita en su escrito prueba fehaciente de las gestiones de localización y cobro realizadas a la parte demandada dentro de los últimos cinco (5) años. Es decir, solicita ahora su ejecución sin explicar a la corte qué motivos tuvo para no solicitar con anterioridad a la ejecución de la sentencia y sin exponer ninguna razón que pudiese haber justificado el ejercicio a su favor de la discreción judicial. Por ende, a tenor con *Banco Territorial y Agrícola de P.R. v. Marcial*, 44 DPR 129 (1932), se dispone **NO HA LUGAR** a la petición de ejecución.

Inconforme con este dictamen, el 10 de enero de 2023, la parte recurrida presentó una *Moción de Reconsideración.*[4] Puntualizó que el término para ejecutar la sentencia no había vencido en el momento en que se presentó la *Moción para que se Extienda Término de Ejecución de Sentencia* el 15 de diciembre de 2022. Explicó que la Sentencia advino final y firme el 18 de diciembre de 2022 toda vez

---

[3] Íd., pág. 14.
[4] Íd., págs. 15-24.

que luego de que se dictara Sentencia, los recurridos acudieron en alzada ante este foro intermedio y luego a nuestro más alto foro que determinó denegarles su recurso de *certiorari.* Sostuvo que esta denegatoria se notificó el 4 de diciembre de 2017 y la parte recurrida tenía diez (10) días laborales para presentar una reconsideración y no lo hizo. En consecuencia, indicó que, transcurrido el término antes descrito, la Sentencia que se dictó el 16 de noviembre de 2016 había advenido final y firme el 18 de diciembre de 2022. Por estos motivos, afirmó que la prórroga que solicitaron para extender el término para ejecutar la sentencia se presentó cuatro (4) días previos a que venciera el término de cinco (5) años para ejecutar la sentencia y, en consecuencia, se cumplió con las Reglas 51.1 y 68.2 de Procedimiento Civil, 32 LPRA Ap.V.

Ahora bien, en cuanto a la justa causa para que procediera la extensión de término solicitada, los recurridos detallaron una serie de diligencias que realizaron para completar la ejecución de sentencia. Sin embargo, insistieron que las numerosas gestiones realizadas para tartar de dar con el paradero de los bienes, las cuentas y demás activos de los peticionarios se les había dificultado al no contar con sus números de seguro social y dado que la corporación co-demandada había sido cancelada. Por los motivos antes expuestos, le solicitaron al TPI a que reconsideraran su dictamen del 20 de diciembre de 2022 y le extendieran el término para ejecutar la Sentencia.

El 17 de enero de 2023, el TPI dictó una *Orden* que fue notificada el 18 de enero de 2023 declarando Ha Lugar la solicitud de reconsideración.[5] Además, expresó que dejaba sin efecto la *Resolución* que emitió el 20 de diciembre de 2022 y, en

---

[5] Íd., págs. 25-26.

consecuencia, le concedía la solicitud al recurrido para extender el término de ejecución de sentencia hasta el 19 de diciembre de 2027.

En desacuerdo con esta determinación, el 1 de febrero de 2023, los peticionarios presentaron una *Moción de Reconsideración.*[6] En primer lugar, indicaron que el TPI erró al acoger la *Moción de Reconsideración* que presentó la parte recurrida el 10 de enero de 2023 ya que no se les brindó una oportunidad para presentar una oposición a lo solicitado conforme a la Regla 8.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.4. Además, señaló que en la *Resolución* del 18 de enero de 2023 mediante la cual se dejó sin efecto la Resolución del 27 de diciembre de 2022 y en consecuencia se le extendío el término a la parte recurrida para ejecutar la sentencia, no se presentaron fundamentos y tampoco se formularon una relación de hechos que justificaran dicha determinacion.

Por otra parte, el matrimonio Díaz de la Matta planteó que, a pesar de que estaban de acuerdo con la alegación de la parte recurrida en cuanto a que la *Moción para que se Extienda Término de Ejecución de Sentencia* se presentó previo a que transcurriera el término de cinco (5) años para ejecutar la sentencia, la única manera que la parte podía interrumpir dicho término era presentando una moción de prorroga al amparo de la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap.V, R. 68.2. Señalaron que la referida regla exigía que se presentara justa causa para solicitar la prórroga de un acto que requería realizarse dentro de un término especifico como el del caso de autos. En este sentido, sostuvieron que la parte recurrida no cumplió con el requisito de justa causa que exige la Regla antes descrita. Particularmente, alegaron que la parte recurrida se limitó a mencionar meras generalidades y no hechos específicos que le impidieran ejecutar la sentencia en el

---

[6] Íd., págs. 27-34.

término prescrito. Por último, argumentaron que el planteamiento de PRTC en cuanto a que se le dificultó reunir los activos suficientes para satisfacer la totalidad de la sentencia dado que no contaban con los números de seguro social de los demandados y que la corporación Data Research Corporation había sido cancelada era falso. Adujeron que la parte recurrida tenía posesión de sus planillas mediante las cual aparecía sus números de seguro social y en cuanto a Data Research Corporation indicaron que el nombre correcto de esta era D.R.C. Corporation y estaba activa todavía. Por las razones antes esbozadas, solicitaron que se dejara sin efecto la *Resolución* del 17 de enero de 2023.

En respuesta, el 6 de marzo de 2023, PRTC presentó una *Oposición a Moción de Reconsideración.*[7] En esta, reiteró los argumentos de la *Moción de Reconsideración* que presentó el 10 de enero de 2023. Además, puntualizó que en varias ocasiones este foro intermedio había avalado solicitudes de extensión de término para ejecutar la sentencia que se presentaron previo al vencimiento del término de cinco (5) años estipulado en la Regla 51.1 de Procedimiento Civil, *supra*, cuando resulta necesario continuar el proceso de ejecución de sentencia. Cónsono a esto, sostuvo que lo que se ha establecido jurisprudencialmente es que lo que procede hacerse dentro de los cinco (5) años es iniciar el proceso de ejecución de sentencia sin que ello signifique que se tiene que completar. En vista de ello, razonó que no tendría sentido el que no se pueda extender el término para completar el proceso que ya fue diligentemente iniciado. Finalmente, afirmó que había explicado detalladamente las gestiones y las razones por las cuales solicitaba la extensión de término para ejecutar la sentencia y, por consiguiente, indicó que cumplió con la Regla 68.2 de Procedimiento

---

[7] Íd., págs. 37-47.

Civil, *supra.* A tales efectos, le solicitó al TPI a que declarara No Ha Lugar la solicitud de reconsideración de los peticionarios.

Evaluados los escritos de ambas partes, el 23 de marzo de 2023, el TPI emitió una *Orden* que se notificó el 28 de marzo de 2023.[8] En lo pertinente, declaró No Ha Lugar la solicitud de reconsideración que presentó la parte peticionaria. Aún inconforme, el 27 de abril de 2023, la parte peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Instancia al revocar la resolución del 20 de diciembre de 2022, sin darle oportunidad a la parte promovente a presentar su posición a la moción de reconsideración presentada por la parte recurrida según dispone la Regla 8.4 de Procedimiento Civil (32 LPRA Ap. V, R. 8.4).**

> **Erró el TPI al revocar su resolución del 20 de diciembre de 2022 y concederle a la parte recurrida una extensión de tiempo de cinco años para ejecutar la sentencia bajo la Regla 51.1 de Procedimiento Civil (32 LPRA Ap. V., R. 51.1). La Regla 51.1 no provee para la extensión del término de cinco años para ejecutar la sentencia cuando este término no ha vencido. La Regla 51.1, supra, solo dispone para extender el término una vez el término original expiró y no se pudo ejecutar la sentencia. Pero en este caso la parte interesada tiene que mostrar causa por lo cual el tribunal debe extender el término para ejecutar la sentencia.**

Atendido el recurso, el 3 de mayo de 2023, emitimos una *Resolución* concediéndole a la parte recurrida diez (10) días para presentar su postura. Oportunamente, PRTC presentó su oposición al recurso y negó que el TPI cometiera los errores que la parte peticionaria le imputó.

Por otra parte, el 17 de mayo de 2023, emitimos una *Resolución* concediéndole cinco (5) días al Juez que atendió el caso ante el TPI para que fundamentara la *Orden* que emitió el 17 de enero de 2023 y notificó el 18 de enero de 2023 conforme lo dispone la Regla 83.1 de nuestro reglamento. En cumplimiento con esta orden, el 22 de mayo de 2023, el TPI emitió una *Resolución* bien

---

[8] Íd., pág. 49.

fundamentada en la cual expuso el derecho correspondiente a la controversia ante nos y a base de ello y analizado el tracto procesal del caso, en síntesis, resolvió lo siguiente:

> [...] surge que la solicitud de extender el término para la ejecución de la sentencia cumple con los criterios de la Regla 51.1 de Procedimiento Civil, es decir, se presentó antes de haber concluido el término original. Estamos ante una Sentencia de 16 de noviembre de 2016, que fue objeto de unos procedimientos apelativos, el mandato se recibió el 11 de enero de 2018 y la solicitud de extensión se presentó el 19 de diciembre de 2022. Así, el término de cinco (5) años dispuesto por la Regla 51.1, desde que la Sentencia advino final y firme no había transcurrido. En conclusión, somos del criterio que le asiste la razón en derecho a la parte demandante y se emitió la referida Resolución de 17 de enero de 2023.

Cabe precisar, que el TPI, además, puntualizó que la autorización del Tribunal para extender el término para ejecutar una sentencia **era un ejercicio de carácter discrecional** y dependía de la justificación que presentara la parte promovente de la ejecución para establecer el por qué no llevó a cabo la ejecución dentro del plazo de cinco años.

Con el beneficio de la comparecencia de ambas partes y la bien fundamentada *Resolución* del TPI procedemos a resolver. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 201 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág.

335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Previo a atender la controversia ante nos, debemos señalar que, en el presente recurso se recurre de una resolución atinente a un asunto postsentencia, la cual no se encuentra comprendida entre aquellas determinaciones de naturaleza interlocutoria evaluadas al amparo de la Regla 52.1 de Procedimiento Civil, *supra*.

En vista de ello, nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.*

Luego de examinar el expediente y la bien fundamentada *Resolución* del TPI a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones