ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JUAN M. RIVERA RIVERA<br><br>Peticionario<br><br>v.<br><br>JESSICA M. ZAYAS MEDINA<br><br>Recurrida | KLCE202300829 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. D AC2015-0545<br><br>Sobre: Liquidación Sociedad Legal de Gananciales |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de agosto de 2023.

I.

El 5 de marzo de 2015, el Sr. Juan M. Rivera Rivera instó *Demanda* sobre Liquidación de la Sociedad Legal de Gananciales contra la Sra. Jessica M. Zayas Medina.[1] Sostuvo que, durante el matrimonio había adquirido un inmueble con la señora Zayas Medina. Alegó créditos por pagos con dinero privativo a la mensualidad de la hipoteca y por el uso exclusivo que la señora Zayas Medina tenía sobre la propiedad.

El 28 de abril de 2015, el señor Rivera Rivera presentó *Moción Informativa.* Expresó que, el 6 de marzo de 2015 se le envío a la señora Zayas Medina *Solicitud de Renuncia y Renuncia al Diligenciamiento del Emplazamiento,* y que, el 11 de abril de 2015 la señora Zayas Medina devolvió el documento renunciando al diligenciamiento del emplazamiento.

---

[1] El 30 de abril de 2014, notificada el 6 de mayo de 2014, el Tribunal de Primera Instancia dictó *Sentencia* sobre Divorcio por la causal de ruptura irreparable.

Tras varios trámites procesales, el 8 de julio de 2015, la señora Zayas Medina instó *Contestación a Demanda* y aceptó que, el señor Rivera Rivera tenía créditos por cubrir deudas tales como la mensualidad de la hipoteca. El 17 de agosto de 2015, el señor Rivera Rivera le cursó el *Descubrimiento de Prueba*. La señora Zayas Medinas presentó diversas prórrogas para contestar el interrogatorio cursado por el señor Rivera Rivera.

Así las cosas, el 5 de junio de 2017, el señor Rivera Rivera instó *Moción en Cumplimiento de Orden y en Solicitud de Sentencia Sumaria*. Ante ello, nuevamente la señora Medina Zayas presentó solicitud de prórroga por diez (10) días y el Foro primario la concedió. El 5 de julio de 2017, la señora Zayas Medina incoó *Contestación a Sentencia Sumaria y en Solicitud de Sentencia Sumaria Parcial*. El 18 de julio de 2017, el señor Rivera Rivera replicó.

El 8 de noviembre de 2019, el Foro primario emitió *Sentencia* y declaró "Ha Lugar" la *Solicitud de Sentencia Sumaria* instada por el señor Rivera Rivera. A esos efectos, le concedió término de noventa (90) días al señor Rivera Rivera para que gestionara la compra de la participación de la señora Zayas Medina sobre los bienes comunes.

El 13 de enero de 2022, el Tribunal de Primera Instancia dictó *Sentencia Enmendada*. Ordenó que, dentro de la gestión de comprar la participación de la señora Zayas Medina se debía incluir la liberación de ésta como codeudora del préstamo hipotecario por el acreedor hipotecario, mediante refinanciamiento del préstamo o por asunción de la deuda.

El 15 de noviembre de 2022, el señor Rivera Rivera instó *Urgente Moción en Solicitud de Orden*. Solicitó al Foro primario que le ordenara a la señora Zayas Medina que firmara y cumpliera con los requerimientos del Acreedor Hipotecario con el fin de liberarla como codeudora de la propiedad. También solicitó, que, se le autorizara a consignar la cuantía a favor de la señora Zayas Medina,

según la *Sentencia Enmendada*. El 9 de diciembre de 2022, notificada el 12, el Foro primario concedió término de veinte (20) días a la señora Zayas Medina para que replicara.

Transcurridos varios meses, el 2 de mayo de 2023, la señora Zayas Medina presentó, con éxito, prórroga de veinte (20) días para contestar. El 1 de junio de 2023, la señora Zayas Medina instó *Moción en Cumplimiento de Orden, Solicitud de Ejecución de Sentencia*. Solicitó la venta en pública subasta del inmueble ganancial.

El 2 de junio de 2023, notificada el 5, el Foro *a quo* ordenó la venta en pública subasta del inmueble. El 20 de junio de 2023, el señor Rivera Rivera instó *Urgente Moción en Solicitud de Orden* solicitando reconsideración. El 22 de junio de 2023, notificada el 27, el Tribunal de Primera Instancia la declaró "No Ha Lugar".

Nuevamente, el 12 de julio de 2023, el señor Rivera Rivera presentó *Moción de Reconsideración y en Solicitud de Paralización*. La misma fue declarada "No Ha Lugar" el 14 de julio de 2023, notificada el 17. El 24 de julio de 2023, el señor Rivera Rivera recurrió ante nos mediante *Moción en Auxilio de Jurisdicción* y *Petición de Certiorari*. Plantea:

> ERRÓ EL HONORABLE "TPI" AL DECLARAR NO HA LUGAR LA "*URGENTE MOCIÓN EN SOLICITUD DE ORDEN*" PRESENTADA EL 20 DE JUNIO DE 2023 POR EL PETICIONARIO Y EN SU CONSECUENCIA ORDENAR LA VENTA DEL INMUEBLE EN CUESTIÓN EN PÚBLICA SUBASTA, AUN CUANDO EL PETICIONARIO CUMPLIÓ CON LO DICTADO EN LA SENTENCIA, ACTUANDO EL "TPI" CON AUSENCIA DE RAZONABILIDAD, JUSTICIA Y EQUIDAD, EN CLARO ABUSO DE DERECHO.

El 26 de julio de 2023, un Panel hermano de este Tribunal declaró "No Ha Lugar" la *Moción en Auxilio de Jurisdicción*. Por su parte, el 9 de agosto de 2023, la señora Zayas Medina presentó *Oposición a la Expedición del Certiorari*.

Con el beneficio de la comparecencia de las partes y el Derecho, procedemos a resolver.

II.

Según la Regla 51.1 de las de Procedimiento Civil, obtenida sentencia a su favor, una parte tiene cinco (5) años, desde que la sentencia es firme, para ejecutarla sin la necesidad de solicitar autorización al tribunal, ni de notificarlo a la parte contraria.[2] Dispone:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia *se* suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.[3]

Como vemos, según la precitada Regla, expirados los cinco (5) años, entonces la parte que interese ejecutar su sentencia tiene que solicitar autorización del tribunal, previa moción y notificación a todas las partes. Este requisito reglamentario, no pretende confiscarle o anular el derecho de un acreedor a cobrar su acreencia. Solo busca que el Tribunal de Primera Instancia, basado en hechos probados, se convenza de que, transcurridos cinco (5) años desde dictada la sentencia, esta "no ha sido satisfecha y de que no existe otra razón que impida su ejecución".[4] Este mecanismo "le imprime continuidad a todo proceso judicial que culmina con una sentencia. Es necesario recurrir a la ejecución forzosa de una sentencia cuando la parte obligada incumple con los términos de la sentencia".[5]

---

[2] 32 LPRA Ap. V., R. 51.1; Véase: *Igaravidez* v. *Ricci*, 147 DPR 1, 7 (1998); *Avilés Vega* v. *Torres*, 97 DPR 144, 149 (1969).
[3] Íd.
[4] *Banco Terr. y Agrícola de P.R.* v. *Marcial*, 44 DPR 129, 2 (1932).
[5] *Komodidad Dist.* v. *S.L.G. Sánchez, Doe*, 180 DPR 167, 171 (2010), citando a *Mun. San Juan* v. *Prof. Research*, 171 DPR 219 (2007) y R. Hernández Colón,

El Tribunal Supremo de Puerto Rico ha expresado que el recurso de ejecución de sentencia permite a un litigante vencedor satisfacer las compensaciones disponibles en un dictamen.[6] Igualmente, este mecanismo es considerado como una continuación a los procesos judiciales, toda vez que provee remedios para hacer cumplir sentencias finales y firmes. De nuestra jurisprudencia se desprende que es necesario recurrir a la ejecución forzosa de una sentencia, cuando la parte obligada incumple con los términos de dicha sentencia.[7]

III.

En este caso, el 13 de enero de 2022, el Tribunal de Primera Instancia emitió una *Sentencia Enmendada* y le concedió término de noventa (90) días al señor Rivera Rivera para que gestionara la compra de la participación de la señora Zayas Medina, lo que incluirá la liberación de esta como codeudora del préstamo hipotecario sobre la propiedad. De un análisis del expediente, podemos colegir que el señor Rivera Rivera realizó diversas gestiones para cumplir con lo ordenado por el Foro primario.

Incluso, el señor Rivera Rivera infructuosamente le ha solicitado al Tribunal que autorice la consignación de la cuantía ordenada en la sentencia a favor de la señora Zayas Medina mientras realiza el proceso con el Acreedor Hipotecario. Sin embargo, el Foro *a quo*, sin examinar mediante la celebración de una vista, las razones que pudo haber tenido el señor Rivera Rivera para demorarse en cumplir con la sentencia enmendada dictada previamente, ordenó, la venta en pública subasta del inmueble.

Concluimos, por tanto, que erró el Foro primario al así actuar. Dicho Foro debe celebrar una Vista en la que el señor Rivera Rivera

---

*Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* San Juan, Ed. Michie de PR, 1997, pág. 453.

[6] *Komodidad Dist.* v. *S.L.G. Sánchez, Doe,* 180 DPR 167 (2010).

[7] Íd.

tenga la oportunidad de expresar las razones que justifican su demora en el cumplimiento de la *Sentencia Enmendada,* si las tuviera. De no justificar la demora, entonces procedería la venta en pública subasta de la propiedad, o la venta directa a un tercero, según estipulado en la Sentencia enmendada del 13 de enero de 2022.

## IV.

Por los fundamentos expuestos, se *expide* el auto de *Certiorari* y se *revoca* la *Resolución* recurrida. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones