Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| *PR RECOVERY AND DEVELOPMENT JV, LLC.* **Peticionario** V. PARAÍSO INFANTIL, INC., ET ALS **Recurrida** | KLCE202400775 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala de Aguadilla Caso Núm: A CD2016-0133 Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de agosto de 2024.

El 12 de julio de 2024, PR Recovery and Development JV, LLC (PRRD o peticionaria) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Orden* que se emitió el 28 de mayo de 2024 y se notificó el 29 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante el aludido dictamen, en lo pertinente, el TPI declaró No Ha Lugar la *Moción en Cumplimiento de Orden Reafirmando la Solicitud de Ejecución de Sentencia* que presentó la parte peticionaria. Fundamentó su determinación en que había transcurrido el término que establece la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 51.1, para ejecutar la sentencia y la parte peticionaria no justificó la dilación para solicitarla.

Por los fundamentos que expondremos a continuación, expedimos el recurso de epígrafe y ***revocamos*** en dictamen recurrido.

I.

El 16 de agosto de 2016, el Banco de Desarrollo Económico de Puerto Rico (BDEPR) presentó una *Demanda* sobre cobro de dinero, incumplimiento de contrato, ejecución de hipoteca por la vía ordinaria y ejecución de gravamen mobiliario en contra de Paraíso Infantil, Inc.

Número Identificador

SEN2024 _____

(Paraíso o recurrida), entre otros.[1] En síntesis, alegó que era tenedor de un pagaré hipotecario por la cantidad de $255,500.00 que se suscribió a favor de la parte recurrida con vencimiento el 5 de febrero de 2022. Sostuvo que dicho pagaré hipotecario estaba asegurado por una hipoteca sobre una propiedad ubicada en el municipio de Aguadilla. Además, indicó que, como garantía adicional, la parte recurrida suscribió un Acuerdo de Gravamen Mobiliario mediante el cual se comprometió a entregar unos bienes muebles ubicados en Aguadilla. Afirmó que la parte recurrida dejó de cumplir con las obligaciones antes descritas, por lo que adeudaba la cantidad de $220,550.00 más los intereses y la cantidad de $25,500.00 por concepto de gastos, costas y honorarios de abogados. Planteó que la deuda estaba vencida y era líquida y exigible. Así pues, solicitó que se ordenara la ejecución de la hipoteca sobre el inmueble ubicado en Aguadilla y la ejecución de los bienes muebles antes mencionados.

En respuesta, el 26 de septiembre de 2016, Paraíso y la Sra. Minerva Torres Vega (señora Torres) presentaron su alegación responsiva.[2] En esta, se limitaron a expresar que se habían realizado los pagos de la hipoteca y que, si se hubiese dejado de efectuar los pagos, lo cual negaron, la deuda no era líquida ni exigible.

Posteriormente, el 18 de abril de 2017, tanto la parte peticionaria como la parte recurrida presentaron una *Moción Sobre Estipulación y Solicitud de Sentencia* en la cual expresaron que habían llegado a un acuerdo por lo que le solicitaban al TPI a que dictara una Sentencia conforme a las estipulaciones acordadas.[3] Específicamente, sostuvieron que la parte recurrida había aceptado todas las alegaciones contenidas en la *Demanda* por lo que reconocieron sus obligaciones de pago con BDEPR que ascendían a una cantidad de $231,968.93 más la suma de $25,550.00 por concepto de gastos, costas y honorarios de abogado. En virtud de lo anterior, afirmaron que la parte recurrida

---

[1] Véase, págs. 1-5 del apéndice del recurso.
[2] Íd., págs. 7-8.
[3] Íd., págs. 9-12.

reconoció que las sumas antes expuestas eran correctas y que estaban vencidas y eran líquidas y exigibles. Además, informaron que, ante el reconocimiento de la deuda por la parte recurrida, las partes acordaron restructurar el pago de la deuda sujeto a unos términos y condiciones. Por último, en cuanto a los co-demandados, el Sr. José Ramón Medina Ortiz, su esposa, la Sra. Irma Marina Miranda Ávila y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Medina-Miranda), que fueron incluidos como parte en la presente causa de acción como titulares registrales de la propiedad objeto de esta controversia, alegaron que se les había emplazado, pero que no habían presentado su alegación responsiva. En consecuencia, solicitaron que se les anotara en rebeldía.

Así las cosas, el 23 de mayo de 2017, el TPI dictó una *Sentencia* que se notificó el 9 de junio de 2017 en la cual aprobó la estipulación transaccional presentada por las partes incorporando los términos y condiciones de esta.[4] Además, ese mismo día, a saber, el 23 de mayo de 2017, el TPI dictó una *Sentencia Parcial* en la cual anotó en rebeldía al matrimonio Medina-Miranda y declaró Ha Lugar la solicitud de Sentencia Parcial en Rebeldía que presentó BDEPR en contra del matrimonio Medina-Miranda en cuanto a la causa de acción de cobro de dinero.[5] Consecuentemente, les ordenó a estos a pagarle al BDEPR la cantidad de $231,968.93 más los intereses y la suma de $22,550.00 por concepto de gastos, costas y honorarios de abogado. Por último, declaró No Ha Lugar la acción en cuanto a la reclamación sobre ejecución de hipoteca por la vía ordinaria ya que la hipoteca sobre la propiedad objeto de esta controversia no estaba inscrita en el registro de la propiedad.

Cabe precisar que, el 6 de febrero de 2024, PRRD presentó una solicitud de sustitución de parte ya que había adquirido todo el interés de BDEPR del préstamo de la presente controversia por lo que quedó

---

[4] Íd., pág. 13.
[5] Íd., págs. 16-22.

subrogado en todos sus derechos ante la parte demandada.[6] El TPI autorizó la sustitución de parte mediante una *Orden* que dictó el 13 de febrero de 2024 y notificó el 16 de febrero de 2024.[7]

Habiendo transcurrido aproximadamente siete (7) años desde que se dictó la Sentencia en el presente caso, a saber, el 4 de marzo de 2024, PRRD presentó una *Solicitud de Ejecución de Sentencia.*[8] Alegó que la deuda de la presente controversia estaba vencida, era líquida y exigible y esta no había sido satisfecha por la parte demandada. Así pues, solicitó la ejecución de la sentencia mediante la venta en pública subasta del bien inmueble ubicado en Aguadilla que garantizaba el pagare hipotecario. Ante ello, el TPI emitió una *Orden* concediéndole a la parte demandada un término de diez (10) días para mostrar causa del porqué el TPI debía autorizar la solicitud de ejecución de sentencia conforme a los requisitos establecidos en la Regla 51.1 de Procedimiento Civil, *supra*, y lo establecido en *Banco Territorial Agrícola de Puerto Rico v. Pío Marcial*, et als., 44 DPR 129 (1932).[9] Luego, el 29 de abril de 2024, el TPI emitió una *Orden* en la cual reconoció que había cometido un error tipográfico en la *Orden* antes expuesta y que esta debió decir "parte demandante" y no "parte demandada".[10] Además, expuso un nuevo término de veinte (20) días para que PRRD se expresara.

Así pues, el 8 de mayo de 2024, PRRD presentó una *Moción en Cumplimiento de Orden y Reafirmando la Solicitud de Ejecución de Sentencia.*[11] En esta sostuvo que cumplió con los requisitos que establece la Regla 51.1 de Procedimiento Civil, *supra*, y la jurisprudencia relacionada por lo cual tenía derecho a ejecutar la sentencia a pesar de que había transcurrido más de cinco (5) años de esta haber advenido final y firme. Específicamente, puntualizó que, los

---

[6] Íd., págs. 25-27.
[7] Íd., pág. 32.
[8] Íd., págs. 34-37.
[9] Íd., pág. 42.
[10] Íd., pág. 46.
[11] Íd., págs.44-45.

fundamentos expuestos en el caso de *Banco Territorial Agrícola de Puerto Rico v. Pío Marcial,* supra, para no conceder la ejecución de sentencia transcurridos los cinco (5) años no eran aplicables al presente caso ya que en este existe una causa de acción por cobro de dinero. Además, indicó que, la Regla 51.1 de Procedimiento Civil, *supra*, únicamente establecía que pasado los cinco (5) años, la ejecución de sentencia procedía por la autorización del Tribunal mediante la presentación de una moción y que se les notificara a todas las partes. Afirmó que en el presente caso cumplió con los referidos requisitos. En vista de ello, concluyó que procedía que el TPI emitiera una Orden de Mandamiento de Ejecución de Sentencia.

Evaluada la solicitud, el 28 de mayo de 2024, el TPI emitió una *Orden* que se notificó el 29 de mayo de 2024, mediante la cual, en lo pertinente, el TPI declaró No Ha Lugar la *Moción en Cumplimiento de Orden Reafirmando la Solicitud de Ejecución de Sentencia* que presentó la parte peticionaria.[12] Fundamentó su determinación en que había transcurrido el término que establece la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 51.1, para ejecutar la sentencia y la parte peticionaria no justificó la dilación para solicitarla.

Inconforme con esta determinación, el 11 de junio de 2024, PRRD presentó una solicitud de reconsideración mediante la cual reiteró los argumentos expuestos en su solicitud de ejecución de sentencia.[13] Además, discutió casos del Tribunal de Apelaciones que, en síntesis, expresaban lo siguiente: (1) que la Regla 51.1 de Procedimiento Civil, *supra*, no hacía distinción en la ejecución de una sentencia en cobro de dinero a la de otros créditos judiciales tales como daños y perjuicios, después de expirado el término de cinco (5) años. Por ende, el trámite en esos casos era similar al de otros procedimientos, siempre y cuando el término prescriptivo de quince (15) años, para solicitar su ejecución adviniera final y firme, no haya

---

[12] Íd., pág. 55.
[13] Íd., págs. 57-67.

expirado y (2) que ni la Regla 51.1 de Procedimiento Civil, *supra*, ni la jurisprudencia interpretativa exigen que se expongan las razones por la cual no se ejecutó una sentencia dentro del término de cinco (5) años. En vista de lo antes expuesto, insistió que procedía que el TPI autorizara la ejecución de la sentencia. Además, ese mismo día, a saber, el 11 de junio de 2024, PRRD presentó un *Suplementó a Moción de Reconsideración* en la cual hizo constar las gestiones que realizó para que la parte demandada cumpliera con las obligaciones estipuladas para el cumplimiento con la Sentencia.[14] Además, anejó prueba documental a tales efectos.

El 13 de junio de 2024, el TPI emitió una *Resolución* declarando No Ha Lugar la solicitud de reconsideración que presentó la parte peticionaria.[15] Aún en desacuerdo, el 12 de julio de 2024, PRRD presentó el recurso de epígrafe y formuló lo siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Instancia al determinar que no existía juta causa para no haber ejecutado la sentencia por consentimiento previo a los cinco años.**
>
> **Erró el Honorable Tribunal de Primera Instancia al no conceder una moción para ejecutar una sentencia por consentimiento sin oposición de la parte recurrida.**
>
> **Erró el Honorable Tribunal de Primera Instancia al no ordenar la ejecución de una sentencia por consentimiento en un caso de cobro de dinero por haber transcurrido más de cinco años.**

Atendido el recurso, el 5 de agosto de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 16 de agosto de 2024 para presentar su postura en cuanto al recurso. Oportunamente, Paraíso y la señora Torres negaron que el TPI cometiera los errores que PRRD le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

---

[14] Íd., págs. 68-71.
[15] Íd., pág. 81.

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra,* el Tribunal Supremo resolvió que "las

resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la

interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

-**B**-

La Regla 51 de Procedimiento Civil, *supra*, regula el procedimiento de apremio o ejecución de sentencia. En lo pertinente, la Regla 51.1 del referido estatuto, *supra,* establece que:

> [l]a parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

Este procedimiento "le imprime continuidad a todo proceso judicial que culmina con una sentencia", y es necesario utilizarlo cuando la parte obligada incumple con los términos de la sentencia. *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 248 (2007) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico; derecho procesal civil*, San Juan, Ed. Michie de PR, 1997, Cap. 63, pág. 453. Como regla general, las sentencias se ejecutan en el tribunal que dictó la sentencia que se pretende ejecutar. *Mun. de San Juan v. Prof. Research*, supra*, pág. 248.

Ahora bien, nótese que, conforme al texto de la citada Regla, la parte a cuyo favor se dictó una sentencia podrá ejecutarla en cualquier momento dentro de los cinco (5) años de haber advenido final y firme. Sin embargo, transcurrido ese periodo, procede su ejecución únicamente con la autorización del tribunal y luego de que se notifique la solicitud a la parte contraria para que esta pueda expresarse al respecto. Íd. El propósito de la notificación es que la parte afectada por una sentencia, luego de transcurrido un tiempo considerable de que ésta haya advenido firme, tenga la oportunidad de expresarse por

escrito al respecto en caso de que tenga alguna defensa que anteponer a tal gestión. *Banco Terr. y Agricola de Puerto Rico v. Marcial*, 44 DPR 129, 132 (1932). Además, para que el tribunal quede plenamente convencido, conforme a las constancias del expediente judicial, de que la sentencia no ha sido satisfecha y no existe alguna razón que impida su ejecución. Íd.

El tratadista José Cuevas Segarra advierte que, aunque la Regla 51.1 de Procedimiento Civil, *supra*, es de carácter procesal, deben tenerse presente los términos prescritos para el cumplimiento de las obligaciones a los fines de determinar por cuánto tiempo el tribunal retiene autoridad para permitir la ejecución de una sentencia expirado el término de cinco años. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1431. Dicho lo anterior, cabe precisar que el término prescriptivo de las acciones hipotecarias es de 20 años y las personales que no tengan señalado término especial de prescripción, como las de cobro de dinero, es de 15 años.  Art. 1864 del Código Civil, 31 LPRA sec. ant. 5294.[16] Estos términos comienzan a transcurrir a partir de la fecha en que la sentencia advino final y firme. Art. 1871 del Código Civil, 31 LPRA sec. ant. 5301.

III.

Previo a atender la controversia ante nos, debemos señalar que, en el presente recurso se recurre de una resolución atinente a un asunto postsentencia, la cual no se encuentra comprendida entre aquellas determinaciones de naturaleza interlocutoria evaluadas al amparo de la Regla 52.1 de Procedimiento Civil, *supra*. En vista de ello, nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*. Luego de examinar el

---

[16] La Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020 – el cual entró en vigor el 28 de noviembre de 2020– derogó el Código Civil de Puerto Rico de 1930. Sin embargo, para propósitos de la adjudicación de esta controversia estaremos citando el Código Civil de 1930, el cual estaba vigente en el momento en que se presentó la *Demanda* del caso de autos.

expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, determinamos expedir el auto de *certiorari* y revocar el dictamen recurrido. *Veamos.*

En su primer señalamiento de error, PRRD argumentó que el TPI erró al determinar que no existía justa causa para no haber ejecutado la sentencia en el término de cinco (5) años que dispone la Regla 51.1 de Procedimiento Civil, *supra*. Por otro lado, en su segundo señalamiento de error, sostuvo que el TPI erró al dictar el referido dictamen sin considerar que la parte recurrida no presentó una moción oponiéndose a la ejecución de sentencia. Por último, en su tercer señalamiento de error sostuvo que el TPI erró al no ordenar la ejecución de la sentencia por consentimiento en un caso de cobro de dinero por haber transcurrido el término de cinco (5) años para solicitar la ejecución de la sentencia.

Discutiremos los tres señalamientos de error en conjunto por estar íntimamente relacionados entre sí. En el caso de autos, el TPI fundamentó su determinación de no permitir la ejecución de la sentencia en que la parte peticionaria no presentó justa causa para no haber presentado una solicitud de ejecución de sentencia dentro de los cinco (5) años que dispone la Regla 51.1 de Procedimiento Civil, *supra*. Cabe precisar que, el 23 de mayo de 2017, el TPI dictó una *Sentencia* que se notificó el 9 de junio de 2017 aprobando una estipulación transaccional presentada por el BDEPR y la parte recurrida. Particularmente, en esta estipulación transaccional la parte recurrida reconoció la deuda reclamada y se estableció un plan de pago para que esta última cumpliera con su obligación de pago. Posteriormente, el 6 de febrero de 2024, PRRD presentó una solicitud de sustitución de parte ya que había adquirido todo el interés de BDEPR del préstamo de la presente controversia y esta sustitución fue aceptada por el TPI.

Así las cosas, el 4 de marzo de 2024, aproximadamente siete (7) años desde que la sentencia advino final y firme, PRRD presentó una *Solicitud de Ejecución de Sentencia*. En esta, alegó que la deuda de la

presente controversia estaba vencida, era líquida y exigible y esta no había sido satisfecha por la parte recurrida. Además, anejó una declaración jurada acreditando la suma adeudada y el incumplimiento por la parte recurrida con el pago de la deuda. Sin embargo, el TPI emitió el dictamen recurrido denegando la referida solicitud ya que, a su juicio, la parte peticionaria no había presentado justa causa para la dilación de la presentación de esta. Inconforme con esta determinación, PRRD presentó una solicitud de reconsideración en la cual expresó que ni la Regla 51.1 de Procedimiento Civil, *supra*, ni la jurisprudencia interpretativa exigía que se presentara justa causa para no ejecutar una sentencia luego de cinco (5) años de haber advenido final y firme. Sostuvo que la única exigencia de la aludida Regla era que se presentara una moción solicitándole al Tribunal autorización y que se le notificara a la otra parte. Asimismo, señaló que, el término prescriptivo de quince (15) años que nuestro ordenamiento jurídico le otorga al acreedor para ejercer su acción de ejecución de sentencia en los caos de cobro de dinero no había transcurrido.

De igual forma, cabe mencionar que, la parte peticionaria presentó un suplemento a su solicitud de reconsideración en el cual detalló todas las gestiones realizadas para el cobro de la deuda reclamada. Particularmente expresó que se había comunicado numerosas veces con la parte recurrida mediante correos electrónicos y cartas para darle seguimiento a la propuesta de pago y a documentos que le fueron solicitados. Para evidenciar dichas diligencias anejó prueba documental de las comunicaciones realizadas.

Dicho lo anterior, no cabe duda de que PRRD presentó su solicitud de ejecución de sentencia aproximadamente siente (7) años luego de que la *Sentencia* que dictó el TPI acogiendo las estipulaciones entre el BDEPR y la parte recurrida advino final y firme. No obstante, concurrimos con el argumento de la parte peticionaria que lo único que exige el derecho aplicable es que el acreedor presente una moción solicitándole autorización al Tribunal para ejecutar la sentencia y que

esta se les notifique a las partes cuando haya transcurrido el término de cinco (5) años para solicitar la ejecución de la sentencia. Regla 51.1 de Procedimiento Civil, *supra*. Entiéndase, ni la Regla 51.1 de Procedimiento Civil, *supra*, ni su jurisprudencia interpretativa exigen que la parte acreedora muestra justa causa para ejecutar una sentencia luego de haber transcurrido (5) cinco años de haber advenido final y firme.

En el presente caso, la parte peticionaria cumplió con las exigencias de la Regla 51.1 de Procedimiento Civil, *supra*. Es decir, presentó una moción solicitándole la autorización al Tribunal para ejecutar la sentencia y le notificó a la parte recurrida dicha solicitud. Además, PRRD fue diligente al presentar evidencia documental de las gestiones realizadas para el cobro de la deuda objeto de esta controversia. En ningún momento la parte recurrida se opuso a la solicitud de ejecución de sentencia.

Recordemos que el propósito de la solicitud de autorización del tribunal para la ejecución de una sentencia que dispone la Regla 51.1 de Procedimiento Civil, *supra*, es que este quede plenamente convencido de que la sentencia no ha sido satisfecha y que no existe alguna razón que impida su ejecución. Tras un análisis detenido del expediente, no existe duda de que la sentencia no ha sido satisfecha y tampoco existe una razón que impida su ejecución. De igual forma, siendo este caso uno de cobro de dinero, es aplicable el término de quince (15) años que dispone nuestro ordenamiento jurídico para que un acreedor ejerza su acción de ejecución de sentencia por cobro de dinero. Por las razones antes expuestas, los señalamientos de error se cometieron. Así pues, le ordenamos al TPI a que permita la ejecución de sentencia solicitada por la parte peticionaria.

IV.

Por los fundamentos antes expuestos, expedimos el recurso de epígrafe y **revocamos** el dictamen recurrido. Además, ordenamos la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones