Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANNETTE REYES DÍAZ<br><br>Peticionaria<br><br>v.<br><br>JOHN RAEVIS TORRES<br><br>Recurrido | KLCE202300687 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre:<br>Divorcio<br><br>Caso Número:<br>D DI2004-0172 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Pagán Ocasio[1]

Domínguez Irizarry, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

La peticionaria, señora Annette Reyes Díaz, comparece ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 5 de mayo de 2023, notificada el 19 de mayo de 2023. Mediante la misma, el foro de origen denegó una *Moción de Ejecución de Sentencia* promovida por la peticionaria en contra del aquí recurrido, señor John Raevis Torres, ello dentro del pleito sobre divorcio y pensión alimentaria de epígrafe. A tenor con ello, el tribunal primario dispuso que la acreencia resuelta a favor de la peticionaria fuera acreditada en una acción independiente entre las partes sobre liquidación de bienes gananciales.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la resolución recurrida.

---

[1] Mediante Orden Administrativa Núm: OATA-2023-108 se designa al Juez Pagán Ocasio para entender y votar en el caso de epígrafe, debido a la inhibición de la Juez Aldebol Mora.

Número Identificador

SEN2023 _____

## I

El 24 de enero de 2004, la peticionaria presentó la demanda de epígrafe. En la misma, solicitó la disolución de su matrimonio con el recurrido por la causal de trato cruel, así como la fijación de una pensión alimentaria a favor de los tres (3) hijos habidos entre las partes durante la vigencia de su unión. De igual forma, solicitó una pensión *pendente lite*, la declaración de la propiedad conyugal como hogar seguro, así como la custodia y patria potestad de los tres (3) hijos, entonces menores de edad.

Tras varias incidencias, incluyendo una primera comparecencia ante este Foro, mediante *Sentencia Enmendada* del 11 de octubre de 2007, se decretó el divorcio entre las partes. La custodia de hijos comunes se adjudicó a la peticionaria.

Así las cosas, y en lo aquí pertinente, se suscitaron múltiples controversias entre las partes, particularmente relacionadas a la fijación de la pensión alimentaria de sus tres (3) hijos, así como a la fecha de retroactividad del pago de la misma por parte del recurrido. En cuanto a este particular, destacamos que, durante los procesos pertinentes, el recurrido aceptó su capacidad económica. A su vez, dadas las disputas suscitadas, el 12 de septiembre de 2016, el Tribunal de Primera Instancia designó un Comisionado Especial para evaluar el asunto entre las partes y así, emitir el correspondiente Informe. Tras muchos años en un extenso litigio, desavenencias y procedimientos, y en consideración a las recomendaciones del Comisionado, el 23 de abril de 2021, el Tribunal de Primera Instancia notificó una *Resolución* por la cual dispuso que, para el periodo comprendido entre el 1 de febrero de 2001, hasta el 31 de mayo de 2013, la pensión alimentaria en controversia ascendía a una suma $1,509,742.00. Igualmente, imputó a la peticionaria una obligación alimentaria de $1,000.00 y reconoció pagos hechos por el recurrido, ello en un total de

$1,316,738.00, quedando un balance pendiente a favor de la peticionaria de $105,004.00.

En desacuerdo, y tras denegada una previa solicitud de reconsideración, el 22 de junio de 2021, la peticionaria compareció ante este Foro mediante el recurso de *certiorari* KLCE202100780. El 31 de enero de 2022, un Panel hermano emitió una *Sentencia* por la cual expidió el auto solicitado y modificó lo resuelto por el foro primario. En específico, eliminó la imputación de $1,000.00 que, por concepto de pensión alimentaria para el periodo examinado, se efectuó respecto a la peticionaria. A su vez, dispuso que el tribunal de origen erró al no conceder a la peticionaria una partida razonable de honorarios de abogado.  Así, y tras sostener la determinación relativa al balance pendiente de $105,004.00 a favor de la peticionaria, devolvió el caso al Tribunal de Primera Instancia para que celebrara una vista y diera curso a los procesos pertinentes a tenor con su determinación.

El 17 de febrero de 2022, el recurrido solicitó la reconsideración del dictamen en apelación de referencia. Tras ejercer las facultades revisoras pertinentes, mediante *Sentencia en Reconsideración* del 3 de marzo de 2022, este Tribunal de Apelaciones modificó su previo pronunciamiento.  En particular, el Panel suscribiente resolvió como sigue:

> […] (i) se mantiene la modificación a la determinación del Tribunal de Primera Instancia, a los fines de eliminar la cuantía de $1,000.00 mensuales  impuesta a la peticionaria, por lo cual se ordena al recurrido a satisfacer a la peticionaria la cantidad adicional de $88,000.00, (ii) se mantiene nuestra conclusión de que procede el pago de gastos y honorarios de abogado a favor de la peticionaria, por lo cual se ordena al recurrido a satisfacer […] la cuantía de $127,680.00 por dicho concepto, y (iii) se reconsidera nuestra determinación de que procede la celebración de una vista por el Tribunal de Primera Instancia […], por lo cual, se imprime finalidad al análisis de las cuantías que razonablemente deben considerarse como

alimentos reembolsables realizado por el Comisionado Especial, acogido por el Tribunal de Primera Instancia.[2]

Así, a tenor con lo resuelto por esta Curia en reconsideración, se reconoció a la peticionaria una acreencia total de $320,684.00.

No conforme con lo resuelto, el recurrido compareció ante el Tribunal Supremo de Puerto Rico mediante recurso de *certiorari.* Sin embargo, nuestro más Alto Foro denegó la expedición del mismo.[3] De conformidad con las formalidades procesales aplicables y luego de que el Tribunal Supremo emitiera la Carta Mandato correspondiente, el 22 de febrero de 2023, este Foro intermedio remitió al tribunal primario el Mandato aplicable. Así pues, el caso advino a ser final y firme.

Toda vez ello, el 1 de marzo de 2023, la peticionaria presentó ante el Tribunal de Primera Instancia una *Moción Solicitando Ejecución de Sentencia,* y solicitó que se proveyera para el desembolso de la suma de $320,684.00, resuelta a su favor mediante sentencia final y firme. Conjuntamente, la peticionaria sometió los proyectos de *Mandamiento de Ejecución de Sentencia.*

Ahora bien, lejos de proveer para su solicitud, el 6 de marzo de 2023, el tribunal de origen notificó una *Orden* por la cual señaló la celebración de una vista entre las partes para disponer de los "asuntos pendientes"[4] en el caso. Poco después, el 10 de marzo de 2023, el Tribunal de Primera Instancia extendió un plazo de diez (10) días al recurrido para exponer su posición respecto a la solicitud de ejecución de sentencia pendiente de adjudicación. Así las cosas, y tras acontecidas ciertas incidencias, entre ellas, la recalendarización de la vista antes indicada, el 30 de marzo de 2023, el recurrido presentó su escrito en oposición a la *Moción Solicitando Ejecución de*

---

[2] Véase: Apéndice, *Sentencia en Reconsideración*, pág. 501.
[3] Surge que el recurrido solicitó la reconsideración de la referida determinación, ello en las dos ocasiones reglamentarias permitidas. No obstante, nuestro más Alto Foro denegó ambas peticiones.
[4] Véase: Apéndice, Anejo 65, *Notificación*, pág. 547.

*Sentencia* promovida por la recurrida. Entre sus argumentos, planteó la falta de recursos económicos para satisfacer la deuda resuelta.

El 18 de abril de 2023, se efectuó la vista ordenada por el tribunal para dilucidar los asuntos pendientes de adjudicación entre los comparecientes. Según surge, durante las misma, ambas partes expusieron sus respectivos argumentos en torno a la ejecución de sentencia en controversia.

El 5 de mayo de 2023, con notificación del 19 de dicho mes y año, el Tribunal de Primera Instancia emitió la *Resolución* aquí recurrida. En la misma, expresamente reconoció que, mediante la *Sentencia en Reconsideración* emitida por este Foro en el recurso KLCE202100780, se resolvió la "finalidad al análisis de las cuantías que razonablemente de[bían] considerarse como alimentos reembolsables realizado por el Comisionado Especial [...]"[5]. Por tanto, reconoció la acreencia resuelta a favor de la peticionaria y a cargo del recurrido. No obstante ello, la Juzgadora tomó conocimiento judicial de un pleito independiente entre las partes, relacionado a la liquidación de los bienes gananciales entre ellos habidos, y dispuso como sigue:

> [...] Habiéndose establecido el crédito correspondiente de $320,684.00 a favor de la señora Reyes, y pudiendo incidir esta determinación en esa liquidación, el cobro del reembolso deberá ser atendido bajo dicho caso.[6]

De este modo, y bajo el antedicho raciocinio, el Tribunal de Primera Instancia denegó la *Moción Solicitando Ejecución de Sentencia* incoada por la peticionaria.

Inconforme, el 16 de junio de 2023, la peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En el mismo expone los siguientes señalamientos:

---

[5] Véase, Apéndice, Anejo 77, *Resolución,* pág. 592.
[6] *Íd,* págs. 592-593.

Erró el TPI al entender que puede enmendar y/o modificar una sentencia del TA la cual, al día de hoy, es final y firme.

Erró el TPI al no proceder con una ejecución de sentencia a pesar de que el TA ya ha emitido su mandato.

Erró el TPI al entrar en una nueva controversia luego de que la sentencia es final y firme y determinar que ahora le corresponde a la demandante recurrente cobrar su sentencia en otro pleito.

Luego de examinar el expediente de autos, procedemos a expresarnos.

**II**

**A**

El mecanismo de ejecución de sentencia pretende garantizar a los litigantes la continuación de un proceso judicial, luego de haberse dictado una sentencia, cuando la parte obligada por el dictamen incumple con los términos del mismo. *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 247-248 (2007).

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51, expresamente regula los términos y el alcance del proceso de ejecución de sentencia. En específico, se dispone como sigue:

La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en la Regla 51 de este apéndice, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

32 LPRA Ap. V, R. 51.1.

De conformidad con el antedicho precepto, toda parte beneficiada por los términos de un dictamen final y firme dispone de cinco (5) años, desde concurrida la finalidad, para requerir que la misma sea ejecutada, sin que sea necesaria la anuencia del

tribunal ni la notificación a la parte contraria. Ahora bien, una vez expirado dicho plazo, el ordenamiento exige cumplir con las referidas formalidades. *Igaravidez v. Ricci,* 147 DPR 1, 7 (1998). Al respecto, se reconoce que ello responde a lo siguiente: (a) que la parte afectada advenga en conocimiento de que el acreedor por sentencia interesa su ejecución, así concediéndole la oportunidad de expresarse y; (b) que el tribunal quede plenamente convencido, conforme a las constancias del expediente judicial, de que la sentencia no ha sido satisfecha y de que no existe razón que impida su ejecución. *Banco Terr. y Agríc. de P.R. v. Marcial,* 44 DPR 129 (1932). Por tanto, de lo antes expuesto se puede colegir que la Regla 51.1, *supra,* no solo exige diligencia por parte de quien obtiene una sentencia a su favor y pretende hacerla efectiva. Este precepto también busca resguardar el derecho de la parte afectada en la misma, de conocer las intenciones de su acreedor, cuando, luego de transcurrido un tiempo considerable desde que ha advenido firme, este procura su ejecución. *Íd.*

De ordinario, una petición sobre ejecución de sentencia se presenta en la misma sala sentenciadora original. *Mun. de San Juan v. Prof. Research,* supra, pág. 248. Ello así, puesto que el estado de derecho interesa promover la economía procesal, evitando que un caso entre las mismas partes, y sobre un mismo incidente, pueda estar fragmentado.

### B

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ____ (2023); *Mcneil Healthcase v. Mun. Las Piedras II,* 206 DPR 659 (2021); 800 *Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).

Mediante la presentación de un recurso de *certiorari*, se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.,* supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.,* supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016); *García v. Asociación,* 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal

incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

### III

En la causa que nos ocupa, la peticionaria, en esencia, alega que el Tribunal de Primera Instancia erró al no ordenar la ejecución de la sentencia final y firme emitida a su favor, impidiéndole, de este modo, hacer efectiva la acreencia resuelta en su beneficio por concepto de reembolso de pago de pensión alimentaria. Al respecto, aduce que el foro primario incidió al modificar un dictamen respecto al cual ya había sido emitido el correspondiente mandato, ello al ordenar que el derecho de cobro allí determinado quedara sujeto a la disposición de un pleito independiente en curso. Habiendo entendido sobre los referidos planteamientos a la luz de las incidencias establecidas y del derecho aplicable, expedimos el auto solicitado y revocamos la resolución recurrida.

Un examen del expediente que nos ocupa mueve nuestro criterio a diferir de la gestión adjudicativa efectuada por el Foro de origen. Es nuestro parecer que el Tribunal de Primera Instancia, no solo se apartó de las normas procesales que rigen el ejercicio de sus funciones en escenarios procesales como el de autos, si no que, al prolongar la controversia entre las partes, soslayó los principios de celeridad y economía procesal que rigen en nuestro ordenamiento jurídico.

Los documentos de autos evidencian que la causa de epígrafe ha sido una en extremo prolongada. Por años, los comparecientes se han visto involucrados en un sinnúmero de trámites y

procedimientos, todos tendentes a finiquitar la cuestión que, mediante *Sentencia en Reconsideración* final y firme emitida por este Foro, quedó resuelta. Así, mediante el referido dictamen se determina que a la peticionaria le asiste el derecho de cobro frente al recurrido. Ante ello, y toda vez que las exigencias procesales inherentes al mecanismo de ejecución de sentencia que solicitó la respaldan, no vemos razón jurídica alguna que impidiera al tribunal de instancia acoger su requerimiento. La peticionaria solicitó la ejecución de la sentencia a su favor dentro del pleito de epígrafe y dentro del plazo legal dispuesto para hacerlo, sin que resultara meritorio el cumplimiento de formalidades ulteriores a las dispuestas en la Regle 51.1, *supra.*

Tras diecinueve (19) años de un litigio intenso entre las partes, el asunto sobre el reembolso por el pago de las pensiones alimentarias objeto de disputa entre ambos, ya está en su etapa final. El haber determinado que el derecho de la peticionaria quedara sujeto a lo dispuesto en un pleito independiente que, advertimos, aún está en etapas iniciales relacionadas al desfile de prueba, no solo es incorrecto, sino irrazonable e innecesario. Por tanto, toda vez que la controversia del derecho de las partes sobre el pago de los alimentos en disputa quedó resuelta, compete que se reconozca a la peticionaria la facultad de cobro solicitado mediante el mecanismo en disputa.

En mérito de lo anterior, y por concurrir los criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, expedimos el auto solicitado y dejamos sin efecto el pronunciamiento objeto de la presente intervención. Así, compete que se dé curso a los trámites relacionados a la ejecución de sentencia solicitada, cuanto antes.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones