ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SISTEMA UNIVERSITARIO ANA G. MÉNDEZ / UNIVERSIDAD DEL ESTE<br><br>Peticionaria<br><br>v.<br><br>DAMARIS MARTÍNEZ FIGUEROA<br><br>Recurrida | TA2025CE00062 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: KCM2014-4096<br><br>Sobre: Cobro de Dinero Regla 60 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de julio de 2025.

Comparece el Sistema Universitario Ana G. Méndez-Universidad del Este ("Peticionaria") mediante *Certiorari* y nos solicita que revisemos la *Orden* emitida el 28 de mayo de 2025 y notificada el 30 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de ejecución de sentencia instada por la peticionaria diez (10) años luego de que la Sentencia advino final y firme.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I.**

El 4 de diciembre de 2014, el TPI dictó una *Sentencia,* notificada el 9 de diciembre de 2014. Mediante el aludido dictamen, el foro de instancia declaró Ha Lugar una demanda en cobro de dinero bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, presentada por la peticionaria en contra de Damaris Martínez Figueroa ("Recurrida"). Como resultado, condenó a la recurrida al pago de $3,631.66, más costas y honorarios e intereses legales a razón de 4.25% anual.

Consecuentemente, el 26 de enero de 2015 la peticionaria presentó una primera *Moción Solicitando la Ejecución de la Sentencia*. El 17 de febrero de 2015, el TPI emitió una *Orden* mediante la cual declaró Con Lugar la referida solicitud y, en virtud de ello, le ordenó a la Secretaria del Tribunal a expedir el Mandamiento de Ejecución. Cónsono con lo anterior, el 4 de marzo de 2015, el TPI expidió el correspondiente Mandamiento de Ejecución de Sentencia.

Ante el hecho de que la *Sentencia* no logró ser ejecutada, el 8 de abril de 2025, la peticionaria promovió una *Moción al Amparo de la Regla 51.1*. Dado a que habían transcurrido más de cinco (5) años desde que la *Sentencia* advino final y firme, solicitó autorización del tribunal para continuar con los trámites de ejecución. Adujo que había cumplido con los requisitos de la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, a saber: (1) habían transcurrido más de cinco (5) años desde que la Sentencia advino final y firme; (2) moción de parte; y (3) previa notificación a todas las partes.

El 6 de mayo de 2025, el foro de instancia dictaminó una *Orden*, notificada el día siguiente, en virtud de la cual denegó la solicitud de ejecución de sentencia. De manera particular, el TPI dispuso lo siguiente:

> No ha lugar. Conforme reconoce la propia demandante, transcurrido un término en exceso de 10 años desde que se dictó la Sentencia, ésta no ha logrado identificar bienes sobre los cuales se pueda hacer la ejecución que ahora solicita. Tampoco hace mención de un cambio en las circunstancias que justifique lo solicitado en esta tardía etapa.[1]

Inconforme, el 14 de mayo de 2025, la peticionaria presentó una *Reconsideración de Orden Bajo la Regla 51.1*. El 28 de mayo de 2025, el TPI denegó la solicitud de reconsideración mediante *Orden* notificada el 30 de mayo de 2025. En específico, el foro de instancia determinó que la peticionaria debió haber solicitado una prórroga para ejecutar la sentencia, previo a que transcurriera el término de cinco (5) años

---

[1] Apéndice VII, Entrada Núm. 13, pág. 2.

dispuesto en la Regla 51.1 de Procedimiento Civil, *supra,* o, en la alternativa, acreditar la existencia de justa causa para la dilación.

Insatisfecha aún, el 30 de junio de 2025, la peticionaria acudió ante esta Curia mediante recurso de *Certiorari* y realizó los siguientes señalamientos de errores:

> **Erró el Honorable Tribunal de Primera Instancia al denegar a la parte demandante-recurrente la solicitud de autorización requerida para continuar los trámites de la ejecución de la Sentencia recaída en el caso, habiendo transcurrido los primeros cinco (5) años desde que la misma advino final y firme, al tenor de lo dispuesto en la Regla 51.1 de Procedimiento Civil.**

> **Erró el Honorable Tribunal de Primera Instancia al condicionar la autorización de ejecución de Sentencia solicitada, a que la parte demandante-recurrente informara al tribunal los cambios en las circunstancias de la parte demandada-recurrida, que justificaran dicha solicitud, transcurrido los primeros cinco (5) años desde que la misma advino final y firme.**

> **Erró el Honorable Tribunal de Primera Instancia al aplicar la Regla 6.6 de Procedimiento Civil, sobre prórrogas, para resolver la solicitud de autorización de ejecución de Sentencia, presentada por la parte demandante-recurrente, al amparo de la Regla 51.1 de Procedimiento Civil.**

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de

Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

El procedimiento de ejecución de sentencia se encuentra regulado por la Regla 51 de Procedimiento Civil, *supra*. En lo aquí pertinente, la aludida Regla 51.1 dispone lo siguiente:

**Regla 51.1. Cuándo procede**

La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. **Expirado dicho término, la sentencia podrá ejecutarse mediante una <u>autorización</u> del tribunal, a moción de parte y previa notificación a todas las partes.** Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

(Énfasis y subrayado suplido)

**La autorización del tribunal es de carácter discrecional y depende de la justificación que presente el promovente** de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de (5) cinco años. (Énfasis suplido). R. Hernández Colón, *Práctica jurídica de Puerto Rico; derecho procesal civil*, San Juan, 5ta ed., 2010, sec. 6301, pág. 569. Asimismo, el Tribunal Supremo ha manifestado que el promovente tiene que acreditar, con hechos, que la sentencia no ha sido satisfecha y, además, que no existe razón alguna que impida su ejecución. *Banco Terr. y Agríc. De P.R. v. Marcial*, 44 DPR 129, 132 (1932), según citado en J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra. Ed. Rev., Colombia, 2012, pág. 299.

### III.

En síntesis, la peticionaria intenta argumentar que, transcurridos cinco (5) años desde que la sentencia adviene final y firme, el foro de instancia, de manera automática, deberá autorizar la ejecución de sentencia, a solicitud de parte y previa notificación a todas las partes.

Conforme surge de la discusión que antecede, la autorización para ejecutar la sentencia, transcurridos cinco (5) años desde que la misma advino final y firme, es discrecional del tribunal. A su vez, como requisito para expedir tal autorización, el promovente deberá justificar la dilación en el procedimiento de ejecución, lo cual no ocurrió en el caso de epígrafe.

Siendo así, examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de

derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones