Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SISTEMA UNIVERSITARIO ANA G. MÉNDEZ / UNIVERSIDAD DEL ESTE<br><br>Parte Peticionaria<br><br>v.<br><br>YANIRA BENITEZ PIÑERO<br><br>Parte Recurrida | TA2025CE00516 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: F CM2015-0199<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de octubre de 2025.

Comparece la parte peticionaria, Sistema Universitario Ana G. Méndez (en adelante SUAGM o peticionaria), y solicita que revoquemos la *Resolución* emitida el 17 de julio de 2025, notificada el 22 de igual mes y año, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de ejecución de sentencia presentada por SUAGM.

Luego de evaluar el recurso, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[1]. En virtud de lo anterior, denegamos la expedición del *certiorari* incoado.

### I.

El 30 de enero de 2015, SUAGM presentó una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil[2] en

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 14-15, 215 DPR __ (2025).

[2] 32 LPRA Ap. V, R. 60.

contra de Yanira Benítez Piñero (Benítez Piñero o recurrida). El 16 de marzo de 2015, notificada el 31 del mismo mes y año, el TPI dictó sentencia en la que declaró Con Lugar la demanda y condenó a Benítez Piñero el pago de $1,927.06, más $80.00 de costas, $150.00 de honorarios de abogado, e intereses legales, al 4.25% anual, desde la fecha de la Sentencia. El 22 de mayo de 2015, SUAGM presentó *Moción Solicitando la Ejecución de la Sentencia*[3]. El 2 de septiembre de 2015, el TPI emitió *Orden de Embargo de Ejecución de Sentencia*[4]. El mandamiento de ejecución[5] se expidió el 26 de octubre de 2015.

Así las cosas, el 8 de abril de 2025, SUAGM presentó una *Moción al Amparo de la Regla 51.1*[6]. En esta, expuso que transcurrió el término de cinco años establecido en la Regla 51.1 de Procedimiento Civil[7] y que la recurrida no había satisfecho la sentencia. Por ello, solicitó al TPI que autorizara la ejecución de la sentencia para poder embargar bienes de Benítez Piñero para satisfacer la suma adeudada.

El 17 de julio de 2025, notificada el 22 del mismo mes y año, el TPI emitió una *Resolución*[8], en la que denegó la solicitud de ejecución de sentencia presentada por SUAGM. En específico, el foro recurrido resolvió lo siguiente:

La Sentencia en el presente caso se dictó el 16 de marzo de 2015, y se notificó el 31 de marzo de 2015. Como se sabe, la Regla 6.6 de Procedimiento Civil dispone que "cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2". La Reg[l]a 68.2 del mismo cuerpo jur[í]dico otorga al Tribunal la discreción de conceder la prórroga solicitada por justa causa. El Tribunal no está obligado a conceder la ejecución transcurrido cinco (5) años, desde la notificación de la Sentencia. De lo contrario ésta se convertiría en un gravamen perpetuo por la mera negligencia o dejadez del acreedor al no ejecutarla. Además, la parte demandante no provee justa causa y no acredita en su escrito prueba fehaciente de las

---

[3] Apéndice III del recurso.
[4] Apéndice IV del recurso.
[5] Apéndice V del recurso.
[6] Apéndice VI del recurso.
[7] 32 LPRA Ap. V, R. 51.1.
[8] Apéndice VII del recurso.

gestiones de localización y cobro realizadas a la parte demandada dentro de los últimos cinco (5) años. Es decir, solicita ahora su ejecución sin explicar a la corte qué motivos tuvo para no solicitar con anterioridad la ejecución de la sentencia y sin exponer ninguna razón que pudiese haber justificado el ejercicio a su favor de la discreción judicial. Por ende, a tenor con *Banco Territorial y Agrícola de P.R. v. Marcial*, 44 DPR 129 (1932), se dispone NO HA LUGAR a la petición de ejecución.

Insatisfecho, SUAGM presentó una *Reconsideración de Resolución Bajo la Regla 51.1*[9]. En síntesis, alegó que cumplió con los requisitos establecidos en la Regla 51.1 de Procedimiento Civil. En específico, alegó que presentó una solicitud de ejecución de sentencia habiendo expirado el término de cinco (5) años desde que la sentencia advino final y firme y que notificó su solicitud a Benítez Piñero. El 19 de agosto de 2025, notificada el 27 del mismo mes y año, el TPI emitió una *Orden* en la que declaró No Ha Lugar la solicitud de reconsideración.

Aún inconforme, SUAGM acude ante nos vía *certiorari* y formuló los siguientes señalamientos de error:

1. Erró el Honorable Tribunal de Primera Instancia al denegar a la parte demandante-recurrente (sic) la solicitud de autorización requerida para continuar los trámites de la ejecución de la Sentencia recaída en el caso, habiendo transcurrido los primeros cinco (5) años desde que la misma advino final y firme, al (sic) tenor de lo dispuesto en la Regla 51.1 de Procedimiento Civil.

2. Erró el Honorable Tribunal de Primera Instancia al condicionar la autorización de ejecución de Sentencia solicitada, a que la parte demandante-recurrente (sic) informara al tribunal los cambios en las circunstancias de la parte demandada-recurrida (sic), que justificaran dicha solicitud, transcurrido los primeros cinco (5) años desde que la misma advino final y firme.

3. Erró el Honorable Tribunal de Primera Instancia al aplicar la Regla 6.6 de Procedimiento Civil, sobre prórrogas, para resolver la solicitud de autorización de ejecución de Sentencia, presentada por la parte demandante-recurrente (sic), al amparo de la Regla 51.1 de Procedimiento Civil.

---

[9] Apéndice VIII del recurso.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR, supra.* De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en lo pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias se podrá expedir el auto de *certiorari.* En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor

mediante la Regla 40 del Reglamento del Tribunal de Apelaciones[10], debemos o no expedir el auto de *certiorari*. Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal

---

[10] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025).

de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap.V, R. 52.1.

**B.**

El procedimiento de ejecución de sentencia se define por la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap.V, R. 51.1, la cual dispone lo siguiente:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo **dentro** de cinco (5) años de esta ser firme. Expirado dicho término, la sentencia **podrá** ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

De acuerdo con lo mencionado anteriormente, la Regla 51.1 de Procedimiento de Civil, *supra,* R. 51.1 establece diversas gestiones que pueden realizarse en la ejecución de una sentencia. Por otra parte, la misma regla dispone un término de cinco (5) años para que la parte a cuyo favor se dictó la sentencia, pueda ejecutar la misma desde que adviene final y firme. La ejecución de una sentencia dentro del plazo previsto de cinco (5) años no requiere autorización judicial. Regla 51.1, *supra,* R. 51.1*; Igaravidez v. Ricci,* 147 D.P.R. 1, 7 (1998). Expirado el término de cinco (5) años, la parte favorecida podrá presentar una moción, notificada a la parte demandada, para solicitar la autorización del tribunal para ejecutar la sentencia. *Igaravidez v. Ricci, supra*; *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 690 (1997).

**Cabe señalar que la autorización del tribunal es de carácter discrecional y depende de la justificación que presente el promovente de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de cinco (5) años**. R.

Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, pág. 633-634.

**III.**

En esencia, SUAGM alega que el foro primario incidió al denegar la solicitud de ejecución de sentencia, pues sostiene que cumplió con los requisitos establecidos en la Regla 51.1 de Procedimiento Civil, *supra,* y que procede que el TPI autorice su solicitud. Igualmente, arguye que el TPI erró al condicionar la autorización de la ejecución de sentencia a que SUAGM justificara las razones por las cuales presentó su solicitud luego de transcurridos los primeros cinco (5) años desde que la sentencia advino final y firme. Por último, SUAGM plantea que el TPI incidió al aplicar la Regla 6.6 de Procedimiento Civil sobre prórrogas para resolver la solicitud de ejecución de sentencia.

Luego de examinar detenidamente el recurso ante nos, así como los documentos que conforman el apéndice, a la luz de los criterios enmarcados en la Regla 40 de nuestro Reglamento, no identificamos razones que nos muevan a intervenir con el dictamen recurrido. La peticionaria tampoco demostró que el TPI actuara contrario a lo establecido en la Regla 51.1. Por lo anteriormente expuesto y, ante la ausencia de pasión, prejuicio, parcialidad o error manifiesto en la determinación recurrida, además de no presentarse ninguno de los criterios de la Regla 40, *supra,* nos abstenemos de intervenir con la determinación recurrida y denegamos la expedición del *certiorari* incoado.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones